FIRST BANK OF NOTASULGA, Respondent, *v.* CASUALTY COMPANY OF AMERICA, Appellant.

First Department, December 29, 1916.

Guaranty and suretyship — appeal — action on undertaking given on appeal to Appellate Division — pleading — complaint — expiration of ten days from service of notice required by section 1309 of Code of Civil Procedure, condition precedent — sufficiency of allegation as to said condition — "duly" defined — motion for judgment on the pleadings — submission of sufficiency of complaint.

In an action upon an undertaking given upon an appeal to the Appellate Division the lapse of ten days from the service of a notice of the entry of a judgment or order affirming the judgment or order appealed from, provided by section 1309 of the Code of Civil Procedure, is a condition precedent to the maintenance of the action, and in the absence of such an allegation the complaint does not state a cause of action.

An allegation in the complaint that copies of the judgment (order) "with notice of entry, were duly served on said defendants through their respective attorneys in said action, and on the Casualty Company of America, defendant herein," is not sufficient.

The word "duly" as used in said allegation means that the notice was correct in substance and form and was served within the requisite time, but cannot be extended to cover a lapse of time after such service.

A plaintiff by making a motion for judgment on the pleadings submits the sufficiency of the complaint to the extent that if it does not state facts sufficient to constitute a cause of action a judgment cannot be based thereon.

APPEAL by the defendant, Casualty Company of America, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of May, 1916, granting plaintiff's

motion for judgment on the pleadings consisting of an amended complaint and answer thereto, and also from the judgment entered in the office of the clerk of the county of New York on the 23d day of May, 1916, pursuant to said order.

*Charles A. Winter,* for the appellant.

*Henry A. Brann, Jr.,* for the respondent.

Page, J.:

The action was brought upon an undertaking given upon an appeal to the Appellate Division from a judgment of the Supreme Court. The motion was made by the plaintiff for judgment on the pleadings, consisting of a complaint and answer. The answer was held to be frivolous and the motion granted. On this appeal the defendant maintains that the complaint is insufficient in that it fails to state generally or specifically that " ten days have expired since the service upon the attorney for the appellant and upon the sureties on such undertaking of a written notice of the entry of a judgment or order affirming the judgment or order appealed from " in compliance with section 1309 of the Code of Civil Procedure. The elapse of ten days from the service of such notice is a condition precedent to the maintaining of the action and in the absence of the allegation the complaint does not state a cause of action. (*Porter* v. *Kingsbury,* 71 N. Y. 588.) The allegation in the complaint that copies of the judgment (order) " with notice of entry, were duly served on said defendants through their respective attorneys in said action, and on the Casualty Company of America, defendant herein," is not sufficient. " ' Duly,' in legal parlance, means ' according to law.' It does not relate to form merely, but includes both form and substance." (*Levy* v. *Cohen,* 103 App. Div. 195, 198.) Therefore, as here used, it means that the notice was correct in substance and form, and served within the time requisite to constitute a valid and legal notice of the entry of judgment. It cannot be extended to cover a lapse of time after such service before a right of action based thereon accrued, but is limited to a statement that all the necessary formalities were complied with to set the time running. When the plaintiff made a motion for judgment on the

pleadings, it submitted the sufficiency of the complaint to this extent that if the complaint did not state facts sufficient to constitute a cause of action, a judgment could not be based thereon.

The judgment and order will, therefore, have to be reversed and the motion denied, but, under the circumstances, without costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Judgment and order reversed and motion denied, without costs.