liability policy issued to Harry P. Froud. The defense was that by its express terms the policy did not cover any accident caused by this automobile while driven by a person under the age of sixteen years. It contained the following provision: " This policy does not cover loss on account of injuries or death suffered by any person or persons caused by any automobile (a) while driven by or in charge of any person in violation of law as to age, or in any event under the age of sixteen years." The assured's automobile was being driven by his grand-daughter, a fourteen-year-old girl. In crossing a bridge where repair work was going on, she attempted to turn out around the repair work and in so doing headed the automobile for the bridge railing. The assured, who was sitting next to her, acting in this sudden emergency, seized the wheel and turned the car sharply to avert plunging over the side of the bridge and in so doing swung the car against the deceased who was working on the bridge, throwing him therefrom.

*Theodore H. Lord* and *Phineas L. Webber* for appellant.
*Daniel V. McNamee* and *J. Edward Murphy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE CITY OF NEW YORK, Appellant, *v.* THE CITIZENS WATER SUPPLY COMPANY OF NEWTOWN, Respondent.

*New York city — action by city to enjoin water company from increasing water rates in second ward, borough of Queens.*

*City of New York v. Citizens Water Supply Co. of Newtown,* 199 App. Div. 169, affirmed.

(Argued March 8, 1923; decided March 23, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 27, 1921, affirming a judgment in favor of defendant entered upon an order of Special Term granting defendant's motion for judgment on the plead-

ings. The complaint prays that it be adjudged and decreed that the rates proposed to be charged by respondent for water furnished to its consumers after January 1, 1921, as indicated by a notice issued by respondent on November 20, 1920, are illegal and void; that respondent be enjoined and restrained from imposing and enforcing against, or collecting from, any consumer any charge for water as provided in said notice or any charge in excess of the rates imposed on December 31, 1920, and that respondent be enjoined and restrained from discontinuing service or refusing service because of the failure or refusal of any consumer or applicant to pay, or agree to pay, any charge for water as provided in said notice, or any charge in excess of the rates imposed on December 31, 1920.

*George P. Nicholson, Corporation Counsel (Joseph A. Devery* of counsel), for appellant.

*Samuel F. Moran* and *John D. Monroe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HOGAN, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JOHN F. CARROLL, Appellant.

*Crimes — judgment convicting police officer of crime of accepting bribe affirmed.*

People v. Carroll, 202 App. Div. 847, affirmed.
(Argued March 8, 1923; decided March 23, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 21, 1922, which affirmed a judgment rendered at a Trial Term for the county of Kings upon a verdict convicting the defendant, a police officer, of the crime of accepting a bribe.

*Martin W. Littleton* and *Myles A. Walsh* for appellant.
*Charles J. Dodd, District Attorney (Henry J. Walsh* and *William F. X. Geoghan* of counsel), for respondent.