UFA FILMS, INC., Plaintiff, *v.* UFA EASTERN DIVISION DISTRIBUTION, INC., and Others, Defendants.

Supreme Court, New York County, April 2, 1929.

*Banzhaf & Richter,* for the plaintiff.

*Nathan Burkan,* for the defendants.

TOWNLEY, J. Consideration has been given to defendants' contention that in this action a declaratory judgment should not be granted, since the plaintiff insists that it has terminated the contract, and, therefore, there is no occasion for the determination of any rights under the contract. The court doubtless has the power to grant such a judgment, notwithstanding the attempted termination of the contract. Section 473 of the Civil Practice Act provides that " The supreme court shall have power in any action or proceeding to

* Affd., 226 App. Div. 869.

declare rights and other legal relations on request for such declaration whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment." The statute provides no limitation of the power. In *Westchester Mortgage Co.* v. *Grand Rapids & I. R. R. Co.* (246 N. Y. 194, 199) the court said: "We may not limit, by judicial construction a power which the Legislature has conferred without limitation. We may not define the bounds within which that power may be exercised, except as we find such bounds implicit in the statute, read in the light of established public policy." The court there held that a declaration of the extent to which the rights of the plaintiff may be enforced in Rhode Island should not have been made, as they could be enforced only by the courts of Rhode Island, which had exclusive jurisdiction.

This case involves no such facts moving the court to refuse a declaratory judgment. The above-quoted language of that court controls here. The "rights" of the parties by virtue of the contract remain for the determination and declaration of the court, whether the attempt to terminate it was valid and effectual, or not. The legal consequences and rights ensuing from the termination, if valid, or the attempt to terminate it, if invalid, must be determined and may be declared. Defendants do not assent to the termination of the contract, or its validity and effectiveness. They still maintain that the distributor has rights under the contract and that it is now exercising such rights, and nothing more. Plaintiff asserts that it has certain rights pursuant to the termination, which it is seeking to enforce.

I think this is a proper case for the exercise of the power to render a declaratory judgment. (*Baumann* v. *Baumann*, 222 App. Div. 460; 132 Misc. 217; affd., 224 App. Div. 719; *Neubeck* v. *McDonald*, 128 Misc. 768.) However, I have come to the conclusion that the plaintiff's basic theory, upon which the action and the right to injunctive relief largely depends, is incorrect, and, therefore, an injunction *pendente lite* will not be granted. I refer to the theory of plaintiff as to the amount to which it was entitled under the contract by way of compensation for the use of the films. I think the clear intent of the contract, as shown by paragraph 11, is that the plaintiff's share should be fifty per cent of the moneys paid by the exhibitors and no more, and that the distributor was entitled to deduct from the fifty per cent payable to plaintiff the advance royalties paid to plaintiff under paragraph 10. The latter paragraph provides for such preliminary payments "as and for an advance on account of and against royalties, as hereinafter specified," and "as an advance against royalties," and "as an advance."

The royalties thereinafter specified are those fixed by paragraph 11, being fifty per cent of the moneys received from the exhibitors. It is only in case the amounts of the preliminary payments were not doubly earned that plaintiff was entitled to more than fifty per cent with respect to the income from a picture, it then being entitled to the advance payments, without deduction. It appears that the defendant distributor had actually overpaid the plaintiff on the proper basis, and, therefore, there was no justification for plaintiff's termination of the contract. The plaintiff's method of computation would allow the plaintiff the amount of the preliminary payments, in addition to fifty per cent of the royalties. The advance payments were not in the nature of a bonus payable in addition to royalties, but were to be a part of the plaintiff's fifty per cent share of the royalties, merely being advances on account of such share of the royalties.

The fact that the distributor for a time acquiesced in the erroneous method of computation does not debar it from insisting upon the proper division upon discovering its error. In other respects I think the contentions of the defendants are correct. In any event, the matter is so full of doubt and uncertainty that the court may not properly grant an injunction *pendente lite*, which is proper only where there is a clear right to the relief prayed for.

The motion must, therefore, be denied, with ten dollars costs. Order signed.