UNION TRUST COMPANY OF ROCHESTER, Respondent, *v.* MAIN AND SOUTH STREETS HOLDING CORPORATION, Appellant.

Fourth Department, October 2, 1935.

*George H. Harris* and *Gustavus A. Rogers,* for the appellant.

*Kenneth B. Keating,* for the respondent.

EDGCOMB, J. On October 6, 1934, the parties to this action entered into a lease of certain real property situated in the city of Rochester, N. Y. Plaintiff claims that the lease has been terminated, but the defendant thinks otherwise. Plaintiff brings this action for a declaratory judgment, and seeks to have it adjudicated that the instrument is null and void, and that the defendant has no right, title or interest in or to said property.

Section 473 of the Civil Practice Act gives power to the Supreme Court to declare the rights or other legal relations of the parties on request for such declaration, whether or not further relief is or could be claimed.

No limitation is placed on the power of the court to use the authority thus conferred. The general purpose of such a judgment is to serve some practical end in guiding and stabilizing an uncertain or disputed jural relation, either as to a present or a prospective obligation. (*James* v. *Alderton Dock Yards,* 256 N. Y. 298.)

All that is necessary to give the court jurisdiction is a *bona fide* existing controversy, with the subject-matter and the parties in interest in court, and a situation where adequate relief is not presently available through the medium of other existing forms of action. (*Post* v. *Metropolitan Casualty Ins. Co.,* 227 App. Div. 156, 159; affd., 254 N. Y. 541.)

The granting or withholding of a declaratory judgment is a matter of discretion with the court; a judicial discretion, of course, and not an arbitrary one. (Rules Civ. Prac. rule 212; *James* v. *Alderton Dock Yards,* 256 N. Y. 298; *Kittinger* v. *Churchill Evangelistic Assn., Inc.,* 239 App. Div. 253, 257.)

We think that the facts in this case fit in with the general scheme intended to be covered by the remedy provided for by declaratory judgments, and that the court is amply justified in exercising its discretion, and taking jurisdiction of the action, and settling the dispute between the parties. The complaint alleges that the plaintiff, on the one hand, claims that the lease has become null and void, and that the defendant has forfeited all its rights, title and interest in and to the demised premises, while the defendant, on the other hand, asserts that it is entitled to rights and privileges under said lease. These allegations indicate disputed jural relations between the parties, and bring them within the provisions authorizing the court to declare, in an action of this character, what the interest of the parties in this instrument actually is. It is not necessary to set up defendant's claim in detail in the complaint.

The mere fact that the plaintiff claims that the lease has been terminated does not preclude the granting of a declaratory judgment, and relegate the plaintiff to some other possible remedy. ( *Ufa Films, Inc.,* v. *Ufa Eastern Division Distribution, Inc.,* 134 Misc. 129; affd., 226 App. Div. 869.)

We think, therefore, that the court has jurisdiction of the subject-matter of the action, and that the plaintiff can maintain an action of this character. We have reached the conclusion, however, that the complaint must be dismissed because it fails to state facts sufficient to constitute a cause of action.

Section 241 of the Civil Practice Act requires a plaintiff to set forth in his complaint a plain and concise statement of the material facts upon which he relies to make out his cause of action. Evidentiary facts should not be pleaded. That practice has repeatedly been criticised. A statement of the ultimate fact is sufficient. A conclusion of law will not suffice. (*Rochester Railway Co.* v. *Robinson,* 133 N. Y. 242; *California Packing Corp.* v. *Kelly Storage & Distributing Co.,* 228 id. 49, 52; *Matter of Universal By-Products Corp.* v. *Schwartz,* 216 App. Div. 311; *Hurowitz, Inc.,* v. *Selkin,* 241 id. 269.)

The lease in question cannot be declared null and void because of defendant's failure to comply with the conditions imposed upon it, if the instrument never took effect. No effective date is specified in the lease; that date is fixed by the instrument as " the first of the month next ensuing the mailing of registered written notice to be given by the lessor to the lessee " at its office in New York city. The giving of this notice is a condition precedent to giving life and effect to the instrument. Without it the lease is inoperative, and nothing but a blank piece of paper. Before it can succeed in this action, the plaintiff must show that the writing is a vital, living and effective instrument. This fact must not only be proven, but it must be alleged. (*Porter* v. *Kinsgbury,* 71 N. Y. 588; *Rae* v. *Beach,* 76 id. 164; *Reining* v. *City of Buffalo,* 102 id. 308, 311, 312; *First Bank of Nostasulga* v. *Casualty Co.,* 176 App. Div. 109; *Williams* v. *Fire Association of Philadelphia,* 119 id. 573; *Thrall* v. *Cuba Village,* 88 id. 410; *Clemens* v. *American Fire Ins. Co.,* 70 id. 435.)

The complaint is devoid of any allegation that such notice as was specified in the writing was ever given, or that the plaintiff has breathed the breath of life into the instrument by the procedure therein required to make it operative.

Plaintiff insists, however, that the broad, general allegation that the effective date of the instrument is February 1, 1935, is an allegation of the ultimate fact, and is sufficient to comply with the

rule, without pleading the facts to support the averment. Under the authorities above cited and others which might be referred to, we think that this allegation is a mere conclusion of law, and is of no legal effect, unless the facts to support the conclusion are stated.

In *Kronman & Co., Inc., v. Public National Bank of New York* (218 App. Div. 624) it was held that a complaint did not sufficiently allege compliance with a letter of credit which required the presentation of bills of lading payable to the order of the defendant, for the reason that the only allegation upon that subject was the statement that the seller presented a complete set of bills of lading " as required in said commercial letter of credit." If that allegation was but a conclusion of law and insufficient to show a compliance with the terms of the latter of credit, as was there held, then certainly there is no escape from the conclusion that the allegation as to the effective date of the lease in the present complaint is ineffective to meet the requirements by which the pleading must be judged.

We are well aware that pleadings are to be liberally construed (Civ. Prac. Act, § 275), and that the criticism aimed at this complaint is extremely technical. But we fail to see how, under the numerous authorities condemning such a pleading, only a few of which we have cited, we can overlook the defect.

For the reasons above stated, we feel constrained to reverse the order appealed from, and to grant defendant's motion, with leave, however, to the plaintiff to plead over within ten days after the service upon its attorney of the order of reversal with notice of entry.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to plead over within ten days upon payment of costs of the motion and costs of this appeal.