THE CITY OF NEW YORK, Appellant, *v.* MILO R. MALTBIE, Chairman, and Others, Constituting the Public Service Commission of the State of New York, and JAMAICA WATER SUPPLY COMPANY, Respondents.*

Third Department, June 25, 1936.

* Affg. 159 Misc. 276.

40

*Paul Windels,* Corporation Counsel [*Joseph L. Weiner* of counsel; *Paxton Blair* and *Herman Horowitz* with him on the brief], for the appellant.

*Sherman C. Ward,* Acting Counsel to the Public Service Commission [*George E. McVay* of counsel]; for the respondent Public Service Commission.

*Cullen & Dykman* [*Jackson A. Dykman* of counsel; *Jules Haverman* with him on the brief], for the respondent Jamaica Water Supply Company.

McNAMEE, J.   This case was argued with an appeal from an order denying an alternative order of prohibition against the Public Service Commission and the Jamaica Water Supply Company, on the application of the city of New York, decided herewith. (248 App. Div. 36.)

As appears in that case, the Public Service Commission instituted a proceeding to determine, among other things, the hydrant rate to be paid by the city of New York to the water company for furnishing water and hydrant service in parts of the city for fire protection and other public uses.  Due notice was given, but the city did not appear therein; and after hearings held and proof taken, the Commission fixed a yearly rate of forty dollars per hydrant to be collected by the water company from the city.

The city denies the jurisdiction of the Public Service Commission to fix such rate, and alleges, among other things, that the power to fix the rate for the public and private use of water by the city of New York and its inhabitants is lodged in the first instance in the commissioner of water supply, gas and electricity; that in case of

dispute between the city commissioner and the water company, the power to adjust and determine the rate resides in the court, under sections 471 and 472 of the Greater New York Charter; that the action of the Public Service Commission in fixing such rate was an unauthorized interference with the exercise by the city of its corporate powers, including its right to contract with private water companies; and that the rate fixed by the Public Service Commission is void. There is no allegation in the complaint that any contract exists between the city and the water company for the furnishing of these services, nor that any such contract is contemplated. Accordingly, the city seeks in this action a declaratory judgment (1) that the Public Service Commission has no jurisdiction in the premises; (2) that the rate of forty dollars fixed by the Commission is void; and (3) restraining the Public Service Commission from enforcing the rate as fixed by it. The Special Term dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The statute provides that the Supreme Court " *shall have power* in any action or proceeding to declare rights and other legal relations," and may grant final judgment therein. (Civ. Prac. Act, § 473.) But whether there should be such a declaration, or such a judgment entered, is discretionary. (Rules Civ. Prac. rule 212.) Where a declaratory judgment is useful and necessary it will be granted; but apart from such reasons it should not be employed. And where existing forms of action are reasonably adequate, the discretionary remedy should be withheld. ( *Newburger* v. *Lubell,* 257 N. Y. 383, 386; *Colson* v. *Pelgram,* 259 id. 370, 377; *James* v. *Alderton Dock Yards,* 256 id. 298, 305; *Socony-Vacuum Oil Co., Inc.,* v. *City of New York,* 247 App. Div. 163.) These authorities make it evident that the Special Term would have been justified in declining jurisdiction and dismissing the action because of its form alone.

On the merits, the city has no inherent rate-making power. ( *People ex rel. Village of South Glens Falls* v. *Public Service Commission,* 225 N. Y. 216, 223; *Matter of Niagara, Lockport & O. P. Co.* v. *Prendergast,* 229 App. Div. 295, 297.) But the city contends that the power to make water rates for it and its inhabitants is found in section 472 of its charter. That section provides that the commissioner of water supply, gas and electricity is authorized to examine into the source of water supplied by private companies supplying the city or its inhabitants, to establish rules and regulations in respect thereof, to exercise superintendence, regulation and control in respect of the water supply of such companies, " including rates, fares and charges to be made therefor." And the section

further provides that "in case of a controversy, the question of what is just and reasonable shall be finally determined as a *judicial question* on its merits by a court of competent jurisdiction." Of course the fixing of rates is not a "judicial question," but a legislative one; and its nature is not altered by giving it a different name. And again, the provision assumes to impose on the court a legislative function, viz., that of fixing a public utility rate. But even if the Legislature had the power to impose on the court a non-judicial duty, the statute provides no notice, nor any process, proceeding or hearing by which such rate could be fixed. In the absence of these essentials no "rate-making power" was conferred. It has been already held that section 472 does not confer the rate-making power. (*City of New York* v. *Citizens Water Supply Co.*, 199 App. Div. 169; affd., 235 N. Y. 584.)

On the other hand, article 4-B of the Public Service Law (Laws of 1931, chap. 715) placed water companies under the jurisdiction of the Public Service Commission. And section 89-b of that article brings within the jurisdiction of the Commission "every water-works corporation," and provides that rates shall be reasonable "and not more than allowed by law or by order of the Commission." And further, it is provided that every charge "in excess of that allowed by law or by the order of the Commission is prohibited." Section 89-c gives the Commission general supervision of all waterworks corporations, and of their equipment for furnishing water "for domestic, commercial or public uses" (Subd. 1); and to examine and investigate the methods employed in supplying water (Subd. 2); and that it may prescribe uniform accounts (Subd. 3). And subdivision 4 provides that the Commission may upon its own motion, after hearing, determine and prescribe "just and reasonable rates, charges and classifications thereafter to be enforced for the service to be rendered, notwithstanding that a different rate or charge has heretofore been prescribed by general or special statute, contract, grant, franchise, condition, consent or other agreement."

The appellant laid stress on subdivision 10 of section 89-c as indicating that the Commission's power did not affect the rights of a municipality to fix rates. It will be observed that subdivision 10 has reference only to the "power to require" companies to file and keep open to public inspection schedules of all rates to be charged and all forms of contracts or agreements relating thereto. Then follows another provision relied upon particularly by the appellant, viz., "this subdivision shall not apply to State, municipal or Federal contracts." As above noted, no contract is alleged to exist between the city and the water company, and hence there is

none before the court; and accordingly this subdivision is quite without bearing on the question of power of the Public Service Commission to make the rate in question. And it is not amiss to point out that in subdivision 4 above mentioned, there is the added provision that rates must be fixed by the Public Service Commission " in the manner provided by and subject to the provisions of section eighty-nine-j of this chapter," the section which provides for notice and hearing and an order fixing rates. It will be observed that these requirements differ widely from the content of section 472 of the Greater New York Charter, which provides for neither notice, nor hearing, nor order, nor for any record that might be reviewed. Of course, caution should be exercised against a construction which might bring a general law and a special statute into conflict, when it is possible for both to stand. (*People ex rel. N. Y., N. H. & H. R. R. Co.* v. *Willcox*, 200 N. Y. 423.) But recognizing the full force of that rule, there is no such conflict to be considered here; for one of the statutes provides for the exercise of the rate-making power, and the other does not.

The judgment and order should be affirmed, with costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Judgment and order affirmed, with costs.