HARRY ROSEN et al., Individually and as Copartners Doing Business as NORMA PLEATING & EMBROIDERY Co., Plaintiffs, *v.* 370 WEST 35TH STREET CORPORATION, Defendant.[*]

Supreme Court, Special Term, New York County, February 16, 1945.

---

[*] See, also, *Twentieth Century Associates* v. *Waldman,* 184 Misc. 24, and footnote thereto.— [REP.

*J. Irwin Shapiro* for plaintiffs.

*Elmer H. Settel* and *Sydney S. Snyder* for defendant.

SHIENTAG, J. Application to enjoin defendant pending trial of the action from executing warrant of dispossess obtained by defendant in summary proceedings against plaintiffs, tenants in landlord's commercial building, for holding over their term.

Section 8 of chapter 3 of the Laws of 1945, known as the New York Commercial Rent Control Law, which became effective January 24, 1945, after the issuance of the warrant in said summary proceeding, provides: " So long as the tenant continues to pay the rent to which the landlord is entitled, under the provisions of this act, no tenant shall be removed from any commercial space, by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which is inconsistent with any of the provisions of this act, unless * * * ''

Defendant claims that the issuance of the warrant in the summary proceeding prior to the date when the act became a law precludes the granting of injunctive relief.

I am of the opinion that the issuance of the warrant is immaterial. The effect of such issuance is the cancelation of a lease or agreement for the use of the demised premises and the annulment of the relation of landlord and tenant, as in nonpayment proceedings (Civ. Prac. Act, § 1434). In this instance there was no agreement to be canceled, for the tenants' lease had expired when the proceeding was brought, defendant having elected to resort to his common-law remedy of treating the tenants as trespassers by reason of the holding over.

The issuance of a warrant in a summary proceeding, although it terminates the relation of landlord and tenant so far as a lease is concerned, does not constitute an eviction; unless it be executed there will be no actual eviction (*Grattan* v. *Tierney Sons, Inc.*, 226 App. Div. 811.)

The primary consideration and duty of the courts is to ascertain and give effect to the intention of the Legislature in enacting the emergency statute.

As before stated the act expressly prohibits the eviction of a tenant from any commercial space by action or proceeding or otherwise, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, " regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which is inconsistent with any of the provisions of this act " (with exceptions not relevant here).

The statute is constitutional. It is an emergency measure necessitated by war conditions. It should be reasonably interpreted in the light of the objects sought to be accomplished. The fundamental objective was to prevent the eviction (upon compliance with certain specified conditions) of those who had been tenants renting commercial space. No narrow or technical distinctions should be permitted to thwart the clearly expressed intent of the Legislature.

If I am right in my construction of the statute, if is unnecessary to consider plaintiffs' claim that after the issuance of the warrant they made an oral agreement with the defendant to continue in possession for an additional year.

The motion is granted and the landlord is restrained from interfering with the possession of the plaintiffs as long as they comply with the provisions of the Commercial Rent Control Law.