THOMAS O. WARFIELD, Landlord, *v.* BELLANCA ROBE CORPORATION, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, February 21, 1946.

*Christian S. Lorentzen* for landlord.

*Samuel A. Zimbalist* for tenant.

GENUNG, J. The petitioner has instituted holdover proceedings against the tenant to obtain possession of the premises on the ground that the tenant's lease has expired and the landlord-owner requires possession of the premises in good faith for his immediate and personal use.

It appears that the landlord's predecessor in title entered into a written lease with the tenant for a term from February 1, 1944, to January 31, 1946.

Paragraph " 36 " of the lease provides: " 36. Tenant shall have the option of renewing this lease for a further period of two years, at the rental of $1400, a year; the tenant shall indicate his desire to exercise this option by sending a registered letter to the landlord no later than November 1st, 1945, indicating his desire to do so."

The present landlord became the owner of the building on January 24, 1945. On August 28, 1945, the tenant exercised the renewal option under the lease by sending to the landlord a registered letter indicating its intention to renew the lease for a further period of two years.

The principal issue to be decided in this case is whether or not the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1945, ch. 315) abrogated and rendered ineffectual the option to renew the lease for a further period of two years. If this option is enforcible, it makes no difference that the petitioner requires the premises for his immediate and personal use.

The landlord contends that since the Emergency Rent Control Laws have frozen rents as well as the right to obtain possession of space, the option to renew is ineffectual for any purpose and therefore void and unenforcible.

There is no question that the option to renew is enforcible under the general principles of the law of contracts. The Emergency Rent Control Laws do not alter the legal effect of the option to renew except the tenant is paying an emergency rental which is less than the rent provided for in the lease and renewal option.

The Emergency Rent Control Laws of 1945 were designed to prevent unjust, unreasonable and oppressive leases and agreements for rents as well as to prevent eviction proceedings were tenancies had expired. (L. 1945, ch. 3, §. 1.) To this end, the Legislature fixed rentals at designated levels, and eviction proceedings were unauthorized except in particular cases. Any interpretation of the rent legislation should be designed to carry out the intent of the lawmaking bodies rather than thwart it (*Rosen* v. *370 West 35th St. Corp'n.*, 184 Misc. 172).

I find no provision or language in the statute which would completely abrogate the contractual relationship between the parties and render the option to renew unenforcible simply because by reason of the statute, the landlord may charge no more than the emergency rent. It is only to the extent that the provisions of the act are inconsistent with the provisions of general, special or local law that the provisions of this act are controlling. (L. 1945, ch. 3, § 13, renumbered § 14 and amd. by L. 1945, ch. 315, § 4.)

I find, as a matter of law, that the lease has been extended for a further period of two years and the petition is therefore dismissed and a final order is awarded to the tenant.