PLESSDORE REALTY CORP., Plaintiff, *v.* NICHOLAS M. FASANO, Defendant.

Supreme Court, Special Term, Queens County, March 20, 1947.

*Emanuel N. Frankel* for plaintiff.

*Lillian Kaltman* for defendant.

COLDEN, J. Plaintiff moves for judgment on the pleadings. The defendant requests similar relief. The action is for a declaratory judgment, determining the rights of the parties under a written lease.

The plaintiff is the landlord, and the defendant the tenant, of certain premises used for business purposes. The lease, dated April 10, 1945, was originally executed between plaintiff's predecessor in title and the defendant, after the emergency rent laws with respect to business space had become effective on March 28, 1945 (L. 1945, ch. 314). By its terms, the lease expired on October 31, 1946, but it contained a provision giving the tenant an option to renew for an additional two years at a monthly rental of $150. The defendant exercised this option by giving the required notice on April 11, 1946. Thereafter, on October 15, 1946, the plaintiff acquired title subject to defendant's lease. On November 1, 1946, the plaintiff demanded rent of $150, as provided in the renewal clause of the lease. This the defendant refused to pay.

It would appear that on June 1, 1944, the freeze date, the space had been owner-occupied. On February 18, 1947, the emergency rent was fixed at $115 per month in a proceeding brought by the landlord in the Supreme Court. The landlord contends that if the tenant wants to reap the benefit of the option to renew for a definite period of two years, he should be obligated to pay the rent reserved in the renewal clause. The defendant contends that notwithstanding the exercise of the option to renew for a definite term, he is not obligated to pay more than the emergency rent fixed by the court, or the reasonable rent which has not yet been fixed. Preliminarily, however, he challenges the propriety of the form of plaintiff's action on the ground that there are other remedies available.

The Supreme Court has the power to declare the rights and legal relations of parties to a bona fide controversy. It has discretion to refuse a declaratory judgment when other remedies are adequate, but this is not mandatory. As was said in *Woollard* v. *Schaffer Stores Co.* (272 N. Y. 304, 311–312): " We have never gone so far as to hold that, when there exists a genuine controversy requiring a judicial determination, the Supreme Court is bound, solely for the reason that another remedy is available, to refuse to exercise the power conferred by section 473 and rule 212." Indeed, that very case involved a dispute about a lease. (See, also, *Union Trust Co.* v. *Maine & South Sts. Holding Corp.*, 245 App. Div. 369.) It is apparent that a bona fide controversy exists as to the applicability of the emergency rent laws to the lease under consideration, and a practical purpose will be served by entertaining the action. (*Shapiro* v. *Nulife Garments Co.*, 270 App. Div. 121.)

The emergency rent laws were enacted to prevent the exaction of " Unjust, unreasonable and oppressive leases and agreements " from tenants to whom " freedom of contract has become an illusory concept ". (L. 1945, ch. 314, § 1.) By legislative fiat it has been determined that a landlord may not exact from a tenant rent in excess of the " emergency rent ", except in the manner authorized by the statute, to wit, by arbitration, or by a proceeding in the Supreme Court to fix the reasonable rent, or if the tenant occupied the space on March 28, 1945, by agreement. (L. 1945, ch. 314, § 4, as amd. by L. 1946, ch. 273, § 2.) The reasonable rent for these premises has never been determined, and since the rent reserved in the lease exceeds the emergency rent, it is presumed to be unjust, unreasonable and oppressive. (L. 1945, ch. 314, § 3, as amd. by L. 1946, ch. 273, § 2.)

Beyond fixing the amount of rent that may be charged and continuing the tenant's occupancy for the duration of the emergency, the Legislature has not abrogated the provisions of lease agreements, all of which continue to bind both parties thereto. And it was so held in *Warfield* v. *Bellanca Robe Corp.* (186 Misc. 910). In that case the landlord required possession of the premises in good faith for his own immediate and personal use. Had the tenant's lease expired, the landlord would have been entitled to possession, but that lease also contained a renewal option which the tenant had exercised. The court said (p. 912): " The Emergency Rent Control Laws do not alter the legal effect of the option to renew except the tenant is paying an emergency rental which is less than the rent provided

for in the lease and renewal option. * * * I find no provision or language in the statute which would completely abrogate the contractual relationship between the parties and render the option to renew unenforcible simply because by reason of the statute, the landlord may charge no more than the emergency rent." This determination was affirmed without opinion by both the Appellate Term and the Appellate Division of the First Department. (187 Misc. 731, 271 App. Div. 781.)

Since there is no dispute as to the facts, judgment on the pleadings may be properly directed in this type of action. (*German Masonic Temple Assn.* v. *City of New York,* 279 N. Y. 452.) Accordingly, judgment is granted declaring the rights of the parties to be as follows: (1) The lease, dated April 10, 1945, has been duly extended for a two-year period ending October 31, 1948.

(2) Until the landlord institutes a proceeding to fix reasonable rent, it may not demand of the defendant more than the emergency rent already fixed.

(3) The plaintiff is not precluded from making the application to have the reasonable rent fixed.

(4) If the reasonable rent exceeds the rent reserved in the lease, plaintiff cannot during the term thereof collect more than the rent reserved in the lease.

(5) Should the emergency be declared at an end before October 31, 1948, the landlord will be entitled to the rent reserved in the lease.

Submit judgment on notice in accordance with the foregoing, but without costs to either party.