UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of CHARLES C. MARSHALL, Deceased, Plaintiff, *v.* NEDAB HOLDING CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, December 16, 1949.

*William Imhof* for plaintiff.

*Arnold Lichtig* and *Herbert A. Mossler* for defendants.

LEVY, J. This action seeks a declaration with respect to the appropriate rental to be paid by the defendants. The original lease agreement made May 3, 1929, was for a period to run from August 1, 1929, to July 31, 1950, and provided for a net annual rental of $43,000 for the period ending August 31, 1939, $49,000 for the ensuing period ending July 31, 1944, and, finally, $54,000 until July 31, 1950. The lease likewise provided for two renewals, each for a period of twenty-one years, the first of which was to be secured by the defendants by notice in writing given not later than July 31, 1949. If in the course of the following two months a rental for the renewal period was not agreed upon, then at least nine months before July 31, 1950, arbitration was

to move forward to fix the rent for the first renewal period. It was provided the arbitrators are to appraise the value of the land as if vacant and unimproved at the time and sold at private sale. In the absence of agreement, the net annual rental shall be 6% of such land value but not less than the last rental payable under the original term, which would be $54,000. The amount of net rental for a second renewal shall be fixed in the same manner but in a sum not less than that paid during the first renewal period.

By agreement of July 31, 1939, the period for the payment of a net annual rental of $43,000 during the original term was extended from August 31, 1939, to August 1, 1940. A further agreement of June 29, 1940, made substantial modification. Article Fifth of the lease was modified so as to provide for a net annual rental for the balance of the original term from July 1, 1940, to July 31, 1950, in the sum of $39,000 and additional rent was provided to be paid on a percentage basis computed upon gross receipts as defined. It provided further that after the expiration of the original term and during the two renewal periods the net rental shall be 6% upon land value as so appraised but not less than $50,000 in the first renewal period, and during the second renewal period the net rental shall not be less than that paid during the first renewal period.

The question presented, as plaintiff claims, is whether, by reason of the provisions of the New York State Commercial Rent Law (L. 1945, ch. 3, as amd.) or the New York State Business Rent Law (L. 1945, ch. 314, as amd.), whichever may be held to apply, the rent to be paid for the portion of the first renewal term during which the relevant emergency rent law shall be in force, is said minimum annual net rent of $39,000, plus 15% thereof, plus the variable rent determined in accordance with the provisions of said agreement of June 29, 1940, or a rent to be fixed by arbitration, pursuant to the terms of said lease dated May 3, 1929, but not less than $50,000 per annum as provided in said agreement of June 29, 1940. It contends that the emergency statutes supersede the lease and the rent to be imposed is $39,000, the amount paid on the freeze date, plus 15% thereof, plus the percentage rental provided in the second mentioned modification agreement.

Defendants claim the measure of obligation for the ensuing renewal period remains fixed as provided in the original lease agreement as modified by the June 29, 1940, agreement and remains unaffected by application of the rent control laws. They urge, in addition, that they elected to renew the lease, as they

had a right to do, and stand upon that right, and did so, changing their position in reliance upon an inducement in the form of a representation by plaintiff that the rental for the first renewal term will be as fixed by arbitration or $50,000 per annum, whichever is the greater. They seek a declaration accordingly.

The Business and Commercial Rent Laws provide: "Any lease existing or future wherein the specified rent or any part thereof is variable according to volume or other criteria of volume of the tenant's business shall continue without change, but where such lease provides for the payment of a fixed, basic or minimum rent, such fixed amount shall be subject to the provisions of this act." (L. 1945, ch. 314, § 13, and L. 1945, ch. 3, § 14, as added by L. 1945, ch. 315, § 4.)

The question at this point, therefore, is whether for the period in dispute the lease provides, in any part, for the payment of a rental that is variable according to the volume of business. In making the modification the parties were confronted with the question of the amount of rent reasonably to be paid in the circumstances. So confronted, they provided for a variable rent to be paid up to July 31, 1950. Also considered was the period following the termination of the original term in event of the exercise of the option to renew. Here, too, a reduction was provided although the *modus operandi* for determining the rental for such period was reaffirmed.

If, as plaintiff claims, the variable rent was to be continued into that period, such intention should have been expressly stated. That was the time to do so. It could not be left to conjecture and unexpressed intent. That it was not intended would likewise seem to be clear from what was expressed. The rent as provided for the original term was greatly reduced. It could not have been envisaged in the circumstances then existing that the reduced net annual rental plus the variable rental would produce a total that the business of the defendants already indicated was impossible of payment. Coming to the renewal period, nevertheless, the minimum fixed net rental as reduced to $39,000 was to be increased to a minimum of $50,000, which was only $4,000 less than the minimum rental originally provided for the first renewal term. That rental could, of course, be more than $50,000 if the arbitration resulted in a higher figure.

As a consequence, the determination here must disregard the provision for variable rental in coming to a final conclusion. The statute does not continue variable rental where the lease

by its own terms brings it to an end. The lease as modified did not require the payment of variable rental after July 31, 1950, so as to protect defendants' possession. Their continued possession is by agreement. While the statute does leave unaffected upon their termination those leases providing for variable rent, that is so where the lease makes no other provision for the payment of rent following the termination of any period during which variable rent was paid. Here such period will end and the lease provides for what shall follow.

Whether the amount of rental claimed by plaintiff will be greater or less than the emergency rent or the amount fixed in the modification agreement need not here be considered. Defendants are prepared to be bound by that agreement and to pay the amount as fixed by arbitration or $50,000, whichever is greater. While the rent control statutes do not abrogate the right of a tenant to exercise the option to renew, a landlord may not demand during the renewal period a rent in excess of the emergency rent or seek a reasonable rent in excess of the amount agreed in the lease (*Plessdore Realty Corp.* v. *Fasano,* 188 Misc. 975).

In this light, it is unnecessary to determine whether plaintiff is by its conduct estopped from claiming any greater rights. In any event, the statutes were intended to protect the possession of rent-paying tenants. If landlord shall represent, in a manner amounting to estoppel, the rent, payment of which will enable the tenant to retain possession and the tenant thereupon suffers a change of position, there would not in those circumstances arise a waiver of any of the purposes of the statute. The tenant insists upon making such payment. Plaintiff avers the representation was not made in contemplation of the rights of the parties under the statutes. That would, in any event, seem to be immaterial, but in such case the representation then clearly indicates plaintiff's interpretation of the lease at that time. The interpretation of the defendants and of the court is in accord therewith.

This opinion shall constitute the decision of the court. Let the decree be settled declaring, as prayed for by defendants, that if no written agreement is reached, then the rent for the first renewal period shall be not in excess of the amount fixed by arbitration or $50,000, whichever is the greater.