PAUL CATALANO, Plaintiff, *v.* STATE OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Herkimer County, July 20, 1951.

*Nathaniel L. Goldstein, Attorney-General (George R. Davis* of counsel), for State of New York, defendant.

*Irving M. Basloe* for plaintiff.

*Chester J. Winslow, County Attorney,* for County of Herkimer, defendant.

ZOLLER, J. The defendant State of New York has moved for an order dismissing plaintiff's complaint upon the grounds that: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) The court has no jurisdiction of the subject matter of the action; and (3) There is another action pending between the same parties for the same cause.

From the plaintiff's complaint it appears that on or about January 29, 1950, plaintiff's tractor trailer truck, while proceeding westerly '' along old Route #5 also known as State Highway 458 '', was caused to overturn at a point where the said road turns to join new Route No. 5, by reason of the negligence and carelessness of the defendants and without any negligence of plaintiff contributing thereto.

In this action, however, plaintiff is not demanding money damages from either defendant, but is seeking a judgment declaring:

'' 1. Which of the defendants herein had undertaken to repair, maintain, control, erect suitable and proper warning signals and signs for the safety of persons and property traveling thereon and had assumed all charge of such portions of said highway as set forth herein.

'' 2. Whether or not the State of New York had abandoned said portion of the highway set forth herein to the County of Herkimer, New York.''

It further appears that an action for damages to plaintiff's tractor trailer truck was commenced against the defendant State of New York, and that on the 28th day of September, 1950, the trial of said action was had before a Judge of the Court of Claims of the State of New York, and that no decision has been rendered '' determining the liability or freedom from liability of the State of New York ''. Said action was commenced by the filing of a claim with the Clerk of the Court of Claims of the State of New York on April 29, 1950, and with the Attorney-General of the State of New York on April 25, 1950, and evidently the trial thereof was duly and properly held by the Presiding Judge of the Court of Claims on said 28th day of September, 1950.

Plaintiff also alleges in his complaint that in accordance with section 50-e of the General Municipal Law a claim for the damages alleged therein was filed with the County of Herkimer by the personal service of said claim on the Clerk of the Board of Supervisors of the County of Herkimer on March 29, 1950, and by service of said claim by registered mail on the County Attorney of Herkimer County on March 30, 1950.

It is further set forth in the complaint that in each of the claims filed with the defendants '' it was alleged that each of them had undertaken to repair, keep in repair, maintain, control, erect suitable and proper warning signals and signs for the safety of persons and property traveling thereon and assume all charge of such portion of said highway and said highway being that referred to herein as old Route #5 also known as State Highway 458 where the accident above referred to occurred '', and that in plaintiff's action in the Court of Claims the defendant State of New York introduced evidence by which it sought to prove that it was not liable to the plaintiff because it had abandoned said Route No. 5, also known as State Highway 458, at the place where the plaintiff claims the accident occurred, and that it was under no duty to maintain, repair or control said road.

Because of the contention of the defendant State of New York that it is not liable to plaintiff, it is further alleged in the complaint that he now finds himself in a position where he may obtain no recovery for his damages even though both defendants, or either of them, were negligent, without any fault or carelessness on the part of plaintiff, and that there is a question whether or not there was sufficient compliance with the law on the part of the defendant State of New York to constitute an abandonment of said portion of the highway to the defendant County of Herkimer, and '' this would of course, require an interpretation of said law by the proper court ''.

Plaintiff further alleges that he is in doubt as to the party from whom he is entitled to recover and seeks to have this court determine which of the defendants had jurisdiction, maintenance and control over said portion of the highway and which had undertaken to keep in repair and maintain said portion of the highway for the safety of persons and property traveling thereon.

Section 473 of the Civil Practice Act empowers the Supreme Court to grant declaratory judgment and is as follows: '' The supreme court shall have power in any action or proceeding to declare rights and other legal relations on request for such

declaration whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment. Such provisions shall be made by rules as may be necessary and proper to carry into effect the provisions of this section."

Rule 212 of the Rules of Civil Practice reads as follows: " If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised."

Jurisdiction in an action for a declaratory judgment is discretionary. The discretion to be exercised is a judicial discretion and the use of a declaratory judgment while discretionary with the court is, nevertheless, dependent upon facts and circumstances rendering it useful and necessary, inasmuch as the general purpose of a declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. (*Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304; *Colson* v. *Pelgram*, 259 N. Y. 370; *Newburger* v. *Lubell*, 257 N. Y. 383; *James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Utica Mut. Ins. Co.* v. *Beers Chevrolet Co.*, 250 App. Div. 348 [4th Dept.]; *City of New York* v. *Maltbie*, 248 App. Div. 39; *Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163; *Union Trust Co.* v. *Main & South Sts. Holding Corp.*, 245 App. Div. 369.)

The courts also have clearly and definitely stated the law to be that a declaratory judgment may be withheld if existing forms of action are reasonably adequate or, stated conversely, where issues can be tried and settled in an action for declaratory judgment without sending the contestants elsewhere for relief, a declaratory judgment will serve to quiet and stabilize the disputed jural relations of the parties regarding their present or prospective rights and obligations. (Cases cited, *supra.*)

As stated by the court in *Woollard* v. *Schaffer Stores Co.* (*supra*) at page 311: " When, however, another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction."

Again the court, in *Rockland Light & Power Co.* v. *City of New York* (289 N. Y. 45, 52), said this: " The existence of disputed questions of fact which could be settled expeditiously in an ordinary action or proceeding may nonetheless in a particular case justify or even constrain the court in the exercise

of a sound discretion to decline to pronounce a declaratory judgment."

When there is no necessity for resorting to the declaratory judgment, it should not be employed. (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, *supra.*)

The facts in *Utica Mut. Ins. Co.* v. *Beers Chevrolet Co.* (250 App. Div. 348, *supra*) are of some significance. It was an action for a declaratory judgment brought under section 473 of the Civil Practice Act. A motion had been made at Special Term for an order dismissing the complaint upon the ground that it did not state a cause of action. This motion was denied and on appeal the order below was reversed. Plaintiff insurance company had issued a policy of insurance to the defendant Oldham which contained a provision to the effect that plaintiff was not to be bound by any change of interest in the car, except in certain instances. It was further alleged in the complaint that the car in question while being driven by defendant Waters, with the defendant Acer as a passenger, came into collision with a car owned by defendant Warren, and that defendant Acer, the passenger, had already brought an action for damages against the defendants Oldham, Waters and Warren. In its complaint plaintiff asked for a judgment that before the accident the title to the Ford car did pass from defendant Oldham to defendant Beers Chevrolet Co., Inc., and that plaintiff did not owe any duty to defend Oldham in the action brought by defendant Acer or to defend any other action instituted against him arising out of the accident.

Justice CROSBY, writing for the court in March, 1937, speaks of said section 473 as " a comparatively new one in our practice, and limitations upon its use have not been fully determined; but there is one rule that seems to be definitely settled, namely, that permission to resort to the section is a matter of sound judicial discretion." (P. 350.) He states in his decision that the plaintiff was seeking to try the question whether or not the title to the Ford car passed from defendant Oldham to defendant Beers Chevrolet Co., Inc., before the accident. Quoting from his decision at the foot of page 350, Justice CROSBY says: " In this dilemma plaintiff sees, of course, that it has to try a law suit somewhere. It brings, and wants to try, this suit, in order to determine whether it owes the duty to defend Oldham in the negligence suit. It argues that if the title to the car did not pass from Oldham it owes him the duty to defend him in the negligence action; and that if the title did

pass from Oldham the plaintiff does not have even the right to intervene in his defense.'' and again, on page 351: '' Of course it is possible that the plaintiff supposes there may be some advantage to it in trying the issue before Special Term without a jury. But there are two answers to that proposition: (1) Under rule 213 of the Rules of Civil Practice the issue of fact may be sent to a jury, and (2) the remedy afforded by section 473 of the Civil Practice Act was never intended to afford a sanctuary of escape from trying jury issues before a jury.

'' In addition to that, the complaint alleges the probability of other suits, against Oldham, growing out of this accident. The complaint does not allege that the defendants, named in this action, are all the persons involved in the accident. So far as appears there may have been passengers in Warren's car, and there may have been other passengers than Acer in the Ford car driven by Waters. No one could be bound by a declaration made in this case excepting the parties to it. And even as to them we think plaintiff should, in the exercise of discretion, be denied resort to declaratory judgment, on the ground that full and adequate relief is available to plaintiff in the negligence action already pending against plaintiff's assured.''

Plaintiff frankly discloses in his complaint that he has availed himself of the Court of Claims for the relief he seeks against defendant State of New York, and also has put himself in a position to seek relief against defendant County of Herkimer. It seems to me that he has appropriate and adequate relief by existing forms of action to which he has voluntarily and in the first instance resorted with respect to the action already tried in the Court of Claims.

Section 241 of the Civil Practice Act requires a plaintiff to set forth in his complaint '' a plain and concise statement of the material facts '', upon which he relies to make out his cause of action. Ultimate facts must be pleaded, not conclusions. This was clearly stated by the court in *Didier* v. *Macfadden Publications* (299 N. Y. 49, 53): '' It is, of course, axiomatic that pleadings under attack shall be accorded every fair and reasonable intendment but in so doing it is necessary to keep in mind that a good pleading shall contain a plain and concise statement of material facts on which the party pleading relies. (Civ. Prac. Act, §§ 241, 255.) While this bespeaks liberality, it cannot be used as a substitute for matters of substance (*Union Trust Co.* v. *Main & South Sts. Holding Corp.*, 245 App. Div. 369), nor may conclusory statement of law be utilized to supply

material facts by inference within the doctrine of liberal construction. (*Kalmanash* v. *Smith,* 291 N. Y. 142.)''

Other than the material fact that plaintiff's tractor trailer truck was damaged on or about January 29, 1950, at a point about one-half mile west of the village of Herkimer, where old Route No. 5 joins new Route No. 5, the complaint, it seems to me, is barren of material facts upon which he relies to make out his cause of action for a declaratory judgment. The gravamen of his cause of action seems to be whether or not the portion of the highway on which the accident occurred, which caused the damage to his truck, was at the time being maintained and under the control of either the defendant State of New York or defendant County of Herkimer, but the complaint contains no facts, which if proven would establish which of the two defendants was actually maintaining and in control of the portion of the highway in question.

For the reasons stated it is my conclusion that the motion of the defendant State of New York must be granted and plaintiff's complaint dismissed on the ground that it does not state facts sufficient to constitute a cause of action, and also because there are existing forms of action which are reasonably adequate for plaintiff's relief and, therefore, in the exercise of sound judicial discretion the court declines to pronounce a declaratory judgment.

An order may be submitted accordingly.