SWAN LAKE WATER CORP., Appellant, v. SUFFOLK COUNTY WATER AUTHORITY, Respondent.— In an action for an injunction, plaintiff appeals from an order of the Supreme Court, Suffolk County, entered November 3, 1965, which denied plaintiff's motion for a preliminary injunction. Order reversed, without costs, motion granted, and matter remitted to the Special Term for the settlement of an order fixing the scope, terms and conditions of the preliminary injunction and for such other proceedings as may be consistent with the views herein stated. Plaintiff is a water-works corporation which, under a franchise granted to it in 1955 by the State Water Power and Control Commission, the predecessor of the present State Water Resources Commission, has been supplying water to a housing development which lies to the west of the westerly side of Hospital Road in East Patchogue, Long Island; and one of plaintiff's distribution mains lies along the westerly side of Hospital Road. Defendant is a public benefit corporation which was created in 1937 to operate a water supply system (see Suffolk County Water Authority Act [Public Authorities Law, art. 5, tit. 4, §§ 1074–1092]). In 1949 the Water Power and Control Commission, in connection with approving defendant's plans for acquisition of the water supply and distribution systems and facilities of two water-works corporations, determined that defendant "may, without the further approval of this Commission, extend its supply and distribution mains within and supply water to persons resident in the entire county of Suffolk," subject to the proviso among others that defendant was not thereby authorized "to enter into competition with or to parallel the distribution mains of any waterworks system, either publicly or privately owned, now legally established in this county or which hereafter legally may be established therein." Defendant has been supplying water in various parts of the county, including the area immediately south of the development supplied by plaintiff. The Brookhaven Memorial Hospital is located on the easterly side of Hospital Road, opposite that development. In August of 1965 the hospital entered into a contract with defendant under which defendant would supply water to the hospital. Defendant, in order to carry out the contract, was about to cause a distribution main to be laid along the easterly side of Hospital Road, with appropriate connection to a main which has been used by defendant with respect to the area to the south of the development which is being supplied by plaintiff, when plaintiff instituted this action and made its motion for a preliminary injunction. Specifically, plaintiff would have the court restrain defendant from installing such distribution main and from "interfering" with plaintiff's franchise. It is plaintiff's contention that defendant's proposed action is without authority in law; would irreparably and materially injure plaintiff in that *inter alia* it would interfere with the possibility of plaintiff's expansion of its service by supplying the hospital; and would deprive plaintiff of an opportunity to litigate the merits of that proposed action before the Water Resources Commission. When the Water Power and Control Commission generally enlarged to the entire county the territory in which defendant might supply water, in 1949, the Conservation Law provided in section 522 that no supplier of water to the public shall "(a) exercise any franchise hereafter granted to supply water to any such inhabitants of the state; or  *  *  *

(c) construct any extension of its supply mains; or (d) * * * until the approval therefor of the commission has been applied for and obtained", with exceptions not pertinent here, viz., an exemption with respect to "a municipal water supply plant"; in section 523 that application for such approval was to be made on "maps, plans, and profiles of such new or additional water supply"; and in section 524 that "No new water supply system, built in accordance with plans hereafter approved by the commission, shall be operated until the work has been approved by it." In our opinion, the commission had no power to dispense with these statutory requirements. Since the commission did not have before it at that time any such maps, plans and profiles with respect to supplying water to this hospital, the commission's grant to defendant should be deemed limited to the subject of territorial area and not to include a license to lay distribution lines without prior approval by the commission. With the revision of these statutory provisions in 1960, the above-quoted prohibited items (a) and (c) of section 522 reappeared as items (d) and (f) of subdivision (1) of present section 450 of the Conservation Law, which section applies the prohibition to the point when the supplier shall have "first submitted the maps and plans therefor to the Commission, as hereinafter provided, and until the Commission shall have approved the same"; and the subjects of sections 523 and 524 became covered in present sections 451 and 480 of the Conservation Law. Without such prior approval by the present Water Resources Commission or its predecessor, viz., by such predecessor commission in connection with enlarging the territory of defendant's franchise in 1949, defendant's proposed action would be illegal. (See as to the requirement that the commission must pass upon specific plans for water distribution mains, *Great Neck Water Auth.* v. *Citizens Water Supply Co. of Newtown,* 12 N Y 2d 167, 174–175; 1924 Atty. Gen. 214, 215 [31 N. Y. St. Dept. Rep. 678, 680]; cf., *id.*, 1931, 334, 336.) We do not pass upon the issues as to whether defendant's proposal to lay a water main along the easterly side of Hospital Road in order to carry water to the hospital is or is not consistent with the 1949 proviso against entering into "competition" with or "parallel[ling]" existing mains of another system or whether plaintiff or defendant should have the franchise to serve the hospital. These are issues which should be presented to and determined by the Water Resources Commission (cf. *Matter of Suffolk County Water Auth.* v. *Water Power & Control Comm. of State of N. Y.,* 12 A D 2d 198, 202). Beldock, P. J., Christ and Brennan, JJ., concur; Ughetta and Hill, JJ., dissent and vote to affirm the order, with the following memorandum: Under section 450 (subd. [1], par. [f]) of the Conservation Law (formerly part of § 522), a public corporation engaged in operating a water-distribution system may not construct any extension of its supply mains until the Water Resources Commission, hereinafter referred to as "the commission", shall have approved submitted maps and plans. Exempted from the necessity of procuring such approval is a "municipal water supply plant * * * within the limits of the municipality." In this action to restrain defendant (hereinafter referred to as "the authority") from proceeding to extend a water supply main about 2,000 feet to supply a hospital in accordance with a contract, and to install three fire hydrants in conjunction therewith, plaintiff, a private corporation supplying water to a 70-acre development, appeals from denial of a temporary injunction. The authority is a statutory public benefit corporation created by the county Supervisors on March 29, 1937. It is the subject of the 1950 Suffolk County Water Authority Act (Public Authorities Law, art. 5, tit. 4, §§ 1074–1092). Its members are appointed by the county Supervisors. It has broad powers to achieve the

purpose of generally distributing water throughout the county (§ 1078). It is performing a governmental function. Its property and funds are nontaxable (§ 1082). Neither the Public Service Commission nor any other board or commission of like character has jurisdiction over the authority in the management and control of its properties or operations (§ 1077). The authority has the power to acquire property by condemnation or to purchase the stock of any existing privately owned water corporation. On July 12, 1949, the predecessor of the commission provided that the authority "may, without the further approval of this Commission, extend its supply and distribution mains within and supply water to persons resident in the entire county of Suffolk," but not so as to compete with or to parallel distribution of any waterworks (70 State Dept. Rep. 314, 319). Plaintiff was reluctantly granted a franchise on September 27, 1955 to construct a waterworks system and supply water in the aforesaid development on a finding, *inter alia*, that "No public water supply is presently available the nearest such water supply being the main of the Suffolk County Water Authority located about 4,200 feet distant" (76 State Dept. Rep. 741, 742). The development abuts the westerly side of Hospital Road, along which side plaintiff has constructed a main. The extension of the main of the authority to the hospital will be along the easterly side of the road, on which the hospital abuts. Plaintiff has never even filed an application for any extension of the area within which it is confined. Obviously, the extension by the authority, without the area served by plaintiff, is not a competitive paralleling of plaintiff's main, within the meaning of the 1949 commission decision. The authority has been advised by the commission, through the latter's associate engineer, by letters of August 24, 1965 and September 27, 1965, that the hospital on the east side of the road is in the area covered by the decision of July 12, 1949 and an application by the authority to extend the main is not required by the commission. The latter simply requested that it be notified, upon such extension, so that it may conform its maps. The only question presented is whether the commission, despite its own attitude, is required to approve the maps and plans of the extension. Plaintiff has no rights at all in connection therewith. There is nothing but a debatable prerequisite of formal approval by the commission of the simple and short extension of main to the hospital. A temporary injunction should not be granted in the absence of a showing of a clear right thereto and of irreparable injury which will otherwise be sustained (*Pine Hill-Kingston Bus Corp.* v. *Davis*, 225 App. Div. 182, 183; *Voorhees & Hobart* v. *Hobart*, 251 App. Div. 111, 112; *Duro-Test Corp.* v. *Donaghy*, 9 A D 2d 860; *Erroll Enterprises* v. *Columbia Records*, 11 A D 2d 925; *Ufa Films* v. *Ufa Eastern Div. Dist.*, 134 Misc. 129, 131, affd. *sub nom. Ufa Films* v. *Brill*, 226 App. Div. 869). Accordingly, as a matter of law and in the exercise of discretion, the denial of the temporary injunction should be affirmed.

Motion for a stay denied as academic. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.