■ D'ARRIGO BROS. CO. OF NEW YORK, INC., et al., Respondents, v. CITY OF NEW YORK, Appellant.— Order, Supreme Court, Bronx County, entered on or about June 21, 1971, reversed and vacated, on the law, without costs and without disbursements, defendant's motion for an order dismissing plaintiffs' complaint granted, plaintiffs' cross motion denied and the complaint dismissed. The allegations of the complaint fail to set forth a justiciable controversy entitling the plaintiffs to any relief by way of a declaratory judgment or otherwise; nor do the allegations show that the plaintiffs are entitled to any relief in a proceeding maintained as an article 78 proceeding. The maintenance and management by the City of New York of the public market at Hunts Point, replacing the Washington Street Market, are proper municipal functions and the power and control of the use and renting of space in the same have been properly vested in the Economic Development Administration of the city. (See General City Law, § 20, subd. 7; Agriculture and Markets Law, §§ 261, 263, 266, 269, 271; New York City Charter, ch. 56 as added by Local Law, No. 23, of the Local Laws of 1968; Executive Order of the Mayor, No. 74 of April 29, 1968.) The plaintiffs fail to demon-

strate that they have or may have acquired any rights to occupancy or use of space in the Hunts Point Market other than those provided for in the original leases accepted by them. Upon the expiration of such leases, the Economic Development Administration, through its Department of Ports and Terminals, acted properly and within its prescribed powers, in determining that the plaintiffs would be offered the designated one-year occupancy permits for premises in the Hunts Point Market. There is no support in law or fact for the conclusory allegations of the plaintiffs that the actions of the defendant and its agency were arbitrary, capricious or against public policy, or amount to an unconstitutional appropriation of plaintiffs' valuable property rights without due process of law. There is no basis whatever for the direction by Special Term that the city shall issue leases to all tenants for use of premises " under the same terms and conditions as originally issued, with adjustments made for reasonable rent increases ". Subdivision 7 of section 261 of the Agriculture and Markets Law has no application to the renting of space in this market to individual tenants. Inasmuch as the complaint fails to set forth facts showing a presently existing justiciable controversy between the parties and fails to show that the plaintiffs are entitled to any relief, it should be dismissed. (See *Garcia* v. *MVAIC*, 18 A D 2d 62; *American News Co.* v. *Avon Pub. Co.*, 283 App. Div. 1041; *Red Robin Stores* v. *Rose*, 274 App. Div. 462; *Catalano* v. *State of New York*, 202 Misc. 135, app. dsmd. 284 App. Div. 934; *Purdy* v. *City of Newburgh*, 113 N. Y. S. 2d 376, 381.) Concur — Markewich, J. P., Eager and Capozzoli, JJ.; Kupferman, J., dissents in part in the following memorandum: While I agree with the court's determination that the order at Special Term granting summary judgment for the plaintiffs should be reversed, I do not agree that we should go to the other extreme and grant summary judgment to the defendant City of New York. Plaintiffs make substantial allegations as to the inducements which caused relocation from the Washington Street Market Terminal to the New York City Terminal Market at Hunts Point in The Bronx, and they further allege deprivation of valuable property rights because of the new policy with respect to leasing. Under the circumstances, they are entitled to a trial.