■ BOLT ASSOCIATES, Appellant, v DIAMONDS-IN-THE-ROTH, INC., Respondent.—Order, Supreme Court, New York County (Anita Florio, J.), entered November 14, 1985, which denied plaintiff-appellant Bolt Associates' motion to stay prosecution of defendant-respondent's first counterclaim and direct arbitration thereof, unanimously reversed, on the law, the complaint is dismissed as premature and the counterclaim is dismissed in view of the arbitration provision, without costs.

Plaintiff-appellant Bolt Associates (Bolt) is the ground lessee of land and a building located at 315 East 70th Street in Manhattan. Defendant-respondent Diamonds-In-The-Roth, Inc. (DITR) is the lessor. The lease, effective December 15, 1958, provided for an initial term of 18 months, a subsequent term of 25 years, with an option to extend the lease for three consecutive renewal terms of 25 years each, terminating on July 31, 2060. The option was properly exercised and a renewal term commenced on August 1, 1985.

Section 36.01 of the lease requires Bolt to pay $50,000 per annum rental plus an additional 10% of any gross income derived from the property that exceeds $450,000. Bolt is in the process of attempting to convert the 125 residential for-profit units into a nonprofit cooperative.

In that regard, Bolt commenced a declaratory judgment action to determine whether the revenues obtained from the proprietary sublessees, once the premises were converted, would be subject to the gross income classification of section 36.01. DITR counterclaimed seeking declaratory and injunctive relief to prevent the transfer by Bolt of its leasehold interest from a for-profit residential building to a nonprofit cooperative, which DITR contends is in contravention of section 14.03, which states: "Tenant shall not use or permit the use of the Demised Premises or any part thereof for any purpose which in the reasonable opinion of Landlord would adversely affect the then value or character of the Demised Premises or any part thereof. Any dispute hereunder shall be arbitrated as provided in Section 29.01." DITR claimed that the intended cooperative conversion would affect the character

and value of the premises and thus be violative of section 14.03 of the lease.

Bolt subsequently demanded arbitration on DITR's first counterclaim on the grounds that it was an arbitrable matter under the lease. DITR argued that the subject matter of its counterclaim was so intertwined with Bolt's claim relating to the cooperative conversion, that by bringing a declaratory judgment action, Bolt had waived any right to arbitration of this matter. Special Term agreed.

We reverse on the basis that the instant case presents a nonjusticiable controversy premature for declaratory relief.

A declaratory judgment is only appropriate where a justiciable controversy exists. (CPLR 3001.) One exists where there is an actual controversy affecting the parties' rights. *(See, e.g., Subcontractors Trade Assn. v Koch,* 62 NY2d 422; *Board of Cooperative Educ. Servs. v Goldin,* 38 AD2d 267, 272; *see also,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3001.04, 3001.05.) This is not present in the instant case.

This action was commenced seeking a classification of rental income to be received from cooperative units but only *after* a conversion had taken place. Bolt's problem with regard to the cooperative rental income has not yet matured. It is uncertain, at this time, in light of the vicissitudes that may impede a successful cooperative conversion *(see, e.g., Matter of Forest Vistas Co. v Abrams,* 64 NY2d 928; *Richards v Kaskel,* 32 NY2d 524),* that Bolt's problem will mature at all. Because this action was commenced prior to any conversion, both the conversion itself and the proceeds therefrom are hypothetical. Where the controversy is hypothetical, an actual controversy will not be found. (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.05.) The lack of an actual controversy will preclude the finding of a justiciable controversy ripe for declaratory relief. *(See, D'Arrigo Bros. Co. v City of New York,* 39 AD2d 678, 679; *see also,* 43 NY Jur 2d, Declaratory Judgments, § 4.)

The contingent nature of the conversion makes it premature for the court to resolve the rental income issue under section 36.01 of the lease. Although declaratory relief is inappropriate at this time, the parties are free to proceed to arbitration to resolve whether the conversion violates section 14.03 of the lease.

Section 29.01 of the lease is a broad arbitration clause. As such, it "require[s] submission to arbitration of all issues" unless the arbitration clause specifically excludes enumerated matters from being arbitrated. *(GAF Corp. v Werner,* 66 NY2d

97, 105.) Both the right to convert and gross income issues have not been specifically excluded from the lease arbitration clause. Bolt is therefore not precluded from demanding arbitration on the subject matter of DITR's first counterclaim. Concur—Kupferman, J. P., Carro, Fein, Kassal and Ellerin, JJ.