■ NASA AUTO SUPPLIES, INC., Respondent, v 319 MAIN STREET CORP., Defendant, and MURRAY ROSEN, Appellant.—In an action for a judgment declaring the rights and obligations of the parties under a sublease, the defendant Murray Rosen appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated May 23, 1986, which denied his motion to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the plaintiff's action against the remaining defendant is severed.

This action arises from a dispute as to the rights of the parties under a sublease to a commercial premises in Huntington. The premises was owned by the defendant Rosen who, in 1963, leased the premises to Empire of Huntington (hereinafter Empire); the term of this master lease had an expiration date of December 31, 1991.

In 1979, Empire sublet the premises to the plaintiff Nasa Auto Supplies (hereinafter Nasa). The term of the sublease had an expiration date of August 30, 1994. The sublease provided that in the event the master lease was extended beyond the expiration date of the sublease, the sublease would continue in full force and effect; if, however, the master lease was not extended past its present expiration date of December 31, 1991, the sublease would continue through that date and, thereafter, would be converted to a direct lease between the

defendant Rosen, the owner, and the plaintiff Nasa, the former subtenant. The defendant Rosen agreed to this provision of the sublease.

According to the complaint, the plaintiff Nasa, as subtenant, operated an automotive supply store on the premises until 1985. Then, the sublessor Empire filed for bankruptcy, and the master lease was purchased by the defendant Rosen. For approximately six months thereafter, Rosen held himself out to be the landlord and accepted rent payments from Nasa. However, in December 1985 Nasa was notified by the defendant 319 Main Street Corp. (hereinafter 319) that it owned the premises and that the sublease had terminated, thus requiring Nasa to vacate. Therefore, the plaintiff Nasa sought a declaration that its sublease would remain in effect through its stated expiration date, August 30, 1994.

The defendant Rosen moved to dismiss the complaint insofar as it is asserted against him, claiming that the plaintiff had failed to allege a justiciable controversy with regard to him so as to provide the court with subject matter jurisdiction over the declaratory judgment action as against him (CPLR 3211 [a] [2]), and that the plaintiff had failed to state a cause of action against him (CPLR 3211 [a] [7]). The defendant Rosen alleged that after Empire's bankruptcy in 1985, he had purchased an assignment of Empire's rights under the master lease, and he had thereafter conveyed the premises and all his rights therein to his codefendant 319. Thus, Rosen maintained that he had no interest in the property, and that whatever rights the plaintiff might have to the premises had to be determined between the plaintiff and the defendant 319, the present owner. However, by order dated May 23, 1986, the court denied the motion, holding that the complaint was legally sufficient as to Rosen. The defendant Rosen has appealed.

The order must be reversed. In addressing a motion to dismiss the complaint in a declaratory judgment action, the determinative question is not whether the plaintiff is entitled to a declaration in his favor, but whether the court's jurisdiction to render a declaratory judgment has been properly invoked *(Hallock v State of New York,* 32 NY2d 599, 603; *see also, Metropolitan Package Store Assn. v Koch,* 89 AD2d 317, 322, *appeal dismissed* 58 NY2d 1112, *appeal dismissed* 464 US 802, *reh denied* 464 US 1003). This action simply does not present a justiciable controversy as to Rosen, i.e., an actual controversy affecting the plaintiff and Rosen's rights *(see, Subcontractors Trade Assn. v Koch,* 62 NY2d 422; *Bolt Assocs.*

*v Diamonds-In-The-Roth,* 119 AD2d 524). Because it is uncontroverted that the defendant Rosen had conveyed his entire interest in the property prior to the commencement of this action, there can be no declaration of the respective rights of Rosen and the plaintiff with respect to the property. Thus, the court does not have subject matter jurisdiction to render a declaratory judgment as to the rights of these parties (CPLR 3001, 3211 [a] [2]), and the complaint insofar as it is asserted against Rosen fails to state a cause of action for declaratory relief (CPLR 3211 [a] [7]). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.