■ ROBERT M. WATSON, on Behalf of Himself and Others Similarly Situated, Appellant, v SONY MUSIC ENTERTAINMENT, INC., Respondent. [722 NYS2d 385] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered January 6, 2000, which, in an action by plaintiff recording artist arising out of defendant record company's alleged improper calculation of certain royalties due plaintiff, insofar as appealed from, granted defendant's motion to dismiss plaintiff's cause of action for a declaratory judgment on the ground that plaintiff has an adequate remedy under his cause of action for breach of contract, unanimously affirmed, without costs.

Plaintiff alleges that for purposes of calculating royalties from foreign sales, defendant uses a formula that improperly deducts 150% of the foreign value added tax rather than the 100% allowed by the parties' recording contract, and claims

that a declaratory judgment would serve the useful purpose of settling the controversy over the correct methodology. However, such a purpose is no less adequately accomplished by plaintiff's cause of action for breach of contract. Although the cause of action for breach of contract seeks to recover only past royalties, should plaintiff prevail on that cause of action, defendant will be bound by stare decisis to calculate future royalties in the same way it was directed to calculate past royalties. Furthermore, while we accept plaintiff's request to take judicial notice of defendant's making of a motion, subsequent to the issuance of the order on appeal, for summary judgment dismissing the breach of contract cause of action (*see*, Richardson, Evidence § 30 [Prince 10th ed]), we reject plaintiff's argument that such motion undermines defendant's position that the breach of contract cause of action provides an adequate remedy. Whether there is merit to the cause of action for breach of contract is distinct from whether it adequately addresses plaintiff's claim for prospective relief. Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.