■ KORIN GROUP, Respondent, v EMAR BUILDING CORPORATION et al., Appellants, et al., Defendant. (Action No. 1.) RUDOLF BRILLANT-ALONZO, Respondent, v EMAR BUILDING CORPORATION et al., Appellants, et al., Defendant. (Action No. 2.) [737 NYS2d 367] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about February 16, 2001, which, inter alia, denied the motion of defendant building owner and its principal, defendant Emily Ellis, for summary judgment dismissing the complaints, and granted plaintiff broker's motion for partial summary judgment, unanimously affirmed, with one bill of costs.

In the action by the alleged purchaser, plaintiff Brillant-Alonzo, seeking specific performance of a real estate contract where the seller's attorney executed the contract despite lacking written authority (*see,* General Obligations Law § 5-703 [2]), the motion court properly denied defendants' motion for summary judgment dismissing the complaint in light of the existence of triable issues of fact as to estoppel created by the conduct of the owner and partial performance. Contrary to defendants' contention, the instant situation, where the deposit was tendered simultaneously with the execution of the contract, is distinguishable from that in *Francesconi v Nutter* (125 AD2d 363), where the purchaser's acts could have contemplated the future formation of an agreement and thus were not unequivocally referable to the agreement.

In the action by the broker, The Korin Group, the motion court properly recognized that it was not necessary for the transaction to close for the broker to earn its commission. The purchaser's brokerage account statement was sufficient proof of his financial ability to purchase the property, which proof was not uncontroverted (*see, Geraci v Creative Leasing Concepts*, 248 AD2d 214, *lv denied sub nom. Geraci v Rothenberg*, 92 NY2d 806).

We have considered defendants-appellants' other contentions and find them unavailing. Concur—Nardelli, J.P., Tom, Andrias, Rubin and Buckley, JJ.