■ DAVID M. GOLDBLATT, Appellant, v METLIFE, INC., et al., Respondents. [760 NYS2d 850] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 16, 2003, which granted defendants' motion to dismiss that portion of plaintiff's first cause of action seeking future damages and his second cause of action alleging a violation of General Business Law § 349, unanimously affirmed, without costs.

The court properly dismissed plaintiff's second cause of action alleging a violation of General Business Law § 349 since plaintiff failed to allege facts sufficient to support an inference that there had been a deceptive act or practice by defendants (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26 [1995]; *cf., Acquista v New York Life Ins. Co.*, 285 AD2d 73, 82 [2001]), or that defendants had, in their treatment of plaintiff, engaged in "consumer oriented" conduct affecting consumers at large (*see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]; *Oswego Laborers' Local 214 Pension Fund*, 85 NY2d at 24-25).

Also properly dismissed was plaintiff's claim for a lump sum payment of future insurance benefits since plaintiff did not allege facts sufficient to warrant the inference that defendant insurers had completely repudiated the policy issued by them to plaintiff (*see Scherer v Equitable Life Assur. Socy. of U.S.*, 190 F Supp 2d 629, 632-633 [2002]). Concur—Nardelli, J.P., Rosenberger, Lerner and Friedman, JJ.