■ ARISTONE REALTY CAPITAL, LLC, Respondent, v 9 E. 16TH STREET LLC et al., Appellants, et al., Defendants. [941 NYS2d 840]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 6, 2011, which denied the motion of defendants 9 E. 16th Street LLC, Regal Real Estate, LLC, doing business as Regal Investments Inc., Maurice Laboz and William Punch for, inter alia, summary judgment dismissing plaintiff's claim for specific performance, unanimously affirmed, with costs.

In this action arising out of a failed real estate transaction, purchaser and seller met with their counsel and allegedly agreed upon the terms and conditions of the sale. Thereafter, the attorneys exchanged e-mail communications, culminating in seller's counsel's transmittal of an "execution version" of the contract that allegedly contained the previously agreed upon terms and provided the purchaser with wiring instructions for payment of the deposit. Unlike an earlier e-mail that transmitted a "proposed contract" subject to his client's "review and modification," the latter e-mail was not so qualified. In response to the offer e-mail, purchaser's counsel exchanged a signature page executed by his client and purchaser tendered payment of the deposit. Under these circumstances, triable issues of fact exist as to the viability of plaintiff's claim for specific performance, despite the lack of a fully executed contract (*see Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC*, 80 AD3d 476 [2011]; *cf. Naldi v Grunberg*, 80 AD3d 1, 6 [2010], *lv denied* 16 NY3d 711 [2011]).

Further, a triable issue of fact exists as to whether seller's attorney, who copied his client on the relevant e-mail communications without any protest, had apparent authority to act on seller's behalf (*see Korin Group v Emar Bldg. Corp.*, 291 AD2d 270 [2002]). Plaintiff's demand for, and acceptance of, a return of the deposit, in response to, inter alia, concerns about the integrity of the escrowed deposit, while allegedly reserving its

right to enforce the contract and pursuing a countersigned contract, did not evidence, as a matter of law, an intent to cancel any contract formed. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Manzanet-Daniels and Román, JJ.