Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 25, 2011, which granted defendant’s motion to dismiss the complaint for failure to state a cause of action, reversed, on the law, and the motion denied, without costs.
Plaintiff commenced this breach of contract action in connection with its purchase of two mortgage loans from defendant, asserting causes of action for specific performance, damages and attorneys’ fees. On December 15, 2010 plaintiff submitted a bid to purchase mortgage loans from defendant in the amount of $2,200,000. The bid form provided that the parties would have no contractual obligations with respect to the proposed purchase of the loans unless and until a loan sale agreement, prepared by the lender, was executed and delivered by both parties. Defendant notified plaintiff by email that the bid had been accepted. Thereafter, defendant’s attorney prepared a loan sale agreement for review by plaintiffs attorney. After a series of negotiations, communications and revisions regarding the sale agreement, one of defendant’s attorneys advised plaintiffs attorney, by email on December 21, 2010, that the revisions had been finalized and that the agreement was ready for execution. Specifically, the email stated that the revised agreement was attached and that if the revisions met plaintiffs approval, then plaintiff need only execute three originals and return them to defendant to countersign. Plaintiff was also instructed to wire a down payment in the amount of $220,000.
Plaintiffs president, Peter Joseph, signed three copies of the loan sale agreement and sent them, as instructed, to defendant’s attorney. Joseph also sent a signed copy, via email, to Elliot Neumann, defendant’s president, notifying him that the agreement had been signed and the down payment would be *430 sent via wire transfer. Neumann, within 10 minutes, responded to Joseph via email stating, “Terrific. Thanks! I will counter sign upon receipt. Here’s to a smooth and successful completion of this transaction.” The following day, December 22, one of defendant’s attorneys acknowledged receipt of the wire transfer of the down payment. However, plaintiff never received the countersigned loan sale agreement. Approximately two weeks later, on January 5, 2011, defendant informed plaintiff that it would not be proceeding with the sale of the loans. After plaintiff commenced this action, it learned that defendant had sold the loans to another entity.
Defendant, by a pre-answer motion, moved to dismiss the complaint, arguing that the bid form submitted by plaintiff conclusively established that no binding contract was formed, and that the parties did not intend to be bound until a loan agreement had been signed and delivered by both parties. The motion court granted defendant’s motion, finding that the clear intent of the parties was not to be bound by the contractual obligations until the loan agreement had been executed and delivered by both parties. We disagree with this conclusion.
Affording the complaint a liberal construction and according plaintiff the benefit of every possible inference, as we must on a motion to dismiss (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), plaintiff sufficiently pleaded causes of action for specific performance and damages. It cannot be said that plaintiff’s factual allegations have been “flatly contradicted” by the documentary evidence (Franklin v Winard, 199 AD2d 220, 220 [1993]). “In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look ... to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds” (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399 [1977]). “In doing so, disproportionate emphasis is not to be put on any single act, phrase or other expression, but, instead, on the totality of all of these, given the attendant circumstances, the situation of the parties, and the objectives they were striving to attain” (id. at 399-400). Here, the totality of the circumstances raises a question of fact as to the intent of the parties, preventing dismissal at this early stage. Attorneys for both parties negotiated the terms of the loan sale agreement to the point where all of the terms were agreed upon. Defendant’s attorney emailed the agreement to plaintiff, stating that as long as the revisions met plaintiffs approval, the document would be executed. Plaintiff, through its president, executed the requisite number of copies and returned the signed documents to defend *431 ant. Defendant’s president responded immediately, indicating that he would also sign the documents upon receipt and that he was looking forward to a “smooth and successful completion” of the transaction. Further, as instructed, plaintiff wired the down payment and defendant acknowledged receipt thereof. Defendant retained the down payment for over two weeks, and it did not communicate with or contact plaintiff during this time.
There would have been no reason for defendant to retain the down payment, instead of immediately rejecting it and informing plaintiff that there was no agreement, if defendant did not intend to be bound by the agreement. “Under these circumstances, triable issues of fact exist as to the viability of plaintiffs claim for specific performance, despite the lack of a fully executed contract” (Aristone Realty Capital, LLC v 9 E. 16th St. LLC, 94 AD3d 519, 519 [2012]).
The dissent relies on Jordan Panel Sys. Corp. v Turner Constr. Co. (45 AD3d 165 [2007]) to support its contention that the parties are not bound absent a signed writing. However, Jordan is distinguishable. The plaintiff in Jordan did not allege the type of words or conduct by the defendant that would have been inconsistent with the exercise of the defendant’s expressly reserved right to withdraw plaintiff’s designation as the subcontractor by a certain date (id. at 166-167). Moreover, the bid form in Jordan specifically excluded the type of behavior that the plaintiff complained of (id. at 170-171).
Although the Jordan Court found that the parties, in that case, did not intend to be bound absent a writing signed by both parties, the Court acknowledged another principle of law, which recognizes that “when a party gives forthright, reasonable signals that it means to be bound only by a written agreement, courts should not frustrate that intent” (Jordan, 45 AD3d at 169 [internal quotation marks omitted]). Here, based on the negotiation process that resulted in a written document containing all the agreed-upon terms, email communications between the parties, and payment and retention of the down payment, it cannot be said, on a pre-answer motion to dismiss, that defendant gave forthright, reasonable signals that it intended only to be bound by a written agreement signed by both parties. Rather, defendant’s words and deeds raise an issue of fact as to its intent, preventing dismissal of the complaint at this stage (see Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399 [1977]; Aristone Realty Capital, LLC v 9 E. 16th St. LLC, 94 AD3d 519 [2012]; Options Group, Inc. v Vyas, 91 AD3d 446 [2012]). Concur — Catterson, DeGrasse and Richter, JJ.