■ NORTHERN STAMPING, INC., Appellant, v MONOMOY CAPITAL PARTNERS, L.P., et al., Respondents. [11 NYS3d 29]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered April 11, 2014, which granted defendants' motion for summary judgment dismissing the sole remaining cause of action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 12, 2013, which granted defendants' motion to strike plaintiff's expert disclosure, unanimously dismissed, without costs, as academic in light of the foregoing.

Plaintiff contends that defendants breached the January 6, 2011 agreement between it and defendant Monomoy Capital Management, L.L.C. by using "Confidential Information" for a purpose other than providing equity financing for plaintiff's and defendants' proposed joint acquisition of nonparties Steel Parts Holdings, Inc. and Steel Parts Manufacturing, Inc. (together, Steel Parts). The provision at issue says, "[Y]ou [Monomoy Capital Management] will not use the Confidential Information for any purpose other than in respect of your defined role on the transaction."

"Confidential Information" is not defined in the confidentiality agreement. However, "Northern Stamping Confidential Information" is defined, and the provision on which plaintiff relies is in the section of the confidentiality agreement that addresses Northern Stamping Confidential Information, not the section that addresses "Target [Steel Parts] Confidential Information." Thus, we read "Confidential Information" to mean "Northern Stamping Confidential Material." However, defendants would not have needed information about *plaintiff* to acquire *Steel Parts*; they needed information about Steel Parts, and Monomoy Capital Management had a direct right to that information under a confidentiality agreement it entered into with nonparty Quarton Partners (Steel Parts' investment banker) on February 22, 2011. It did not need to depend on the

confidential information about Steel Parts that plaintiff had given defendants pursuant to the January 6, 2011 confidentiality agreement (*see generally Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1st Dept 1988]).

Plaintiff contends that a letter that defendant Monomoy Capital Partners, L.P. sent to it on January 28, 2011 and that it countersigned on February 2, 2011 was a "Type II" agreement under federal case law, requiring defendants to exercise good faith to pursue a transaction jointly with plaintiff to acquire Steel Parts. Our Court of Appeals has rejected "the rigid classifications into 'Types' " in favor of asking "whether the agreement contemplated the negotiation of later agreements and if the consummation of those agreements was a precondition to a party's performance" (*IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 213 n 2 [2009]). The January 28/February 2 letter agreement said that, except for certain sections not relevant on this appeal, "[a]ll other terms of this Letter constitute statements of present intention adopted to facilitate the negotiation of definitive agreements, do not constitute a contract or agreement and are not to be enforceable against Monomoy" (*see e.g. Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423, 427 [1st Dept 2010], *lv denied* 15 NY3d 704 [2010]).

In light of the foregoing, we need not reach plaintiff's remaining arguments. Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ. ▮