■ MICHAEL OFFIT et al., Appellants, v JULIAN MAURICE HERMAN, Respondent. [16 NYS3d 737]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 15, 2014, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

Plaintiffs contend that a memorandum of understanding (MOU) that they and defendant signed was a "Type II" agreement under federal case law, requiring defendant to negotiate in good faith to finalize a settlement of various lawsuits among the parties. The New York Court of Appeals has rejected "the rigid classification into 'Types' " in favor of asking "whether the agreement contemplated the negotiation of later agreements and if the consummation of those agreements was a precondi-

tion to a party's performance" (*IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 213 n 2 [2009]). The MOU says that the parties have reached an "agreement in principle, subject to documentation acceptable to the parties and court approval." Moreover, in prior motion practice, counsel for plaintiff Rosemarie Herman admitted that the MOU was merely "an agreement to agree." Thus, the MOU is not an enforceable contract, and the motion court correctly dismissed the complaint (*see e.g. Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423 [1st Dept 2010], *lv denied* 15 NY3d 704 [2010]; *Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288 [1st Dept 2003]). Concur—Tom, J.P., Acosta, Moskowitz and Richter, JJ.