■ STANLEY JONAS et al., Appellants, v NATIONAL LIFE INSURANCE COMPANY et al., Respondents. [48 NYS3d 77]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 11, 2015, dismissing the action as against Certain Underwriters at Lloyds of London (Underwriters), Petersen International Underwriters (PIU), Thomas Petersen (Mr. Petersen) (individually and d/b/a Petersen International Insurance Brokers), and Carney & Carney, Inc., d/b/a International Risk Management Group (IRMG), unanimously modified, on the law, to vacate the judgment as to Underwriters, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about April 27, 2015, which, to the extent appealed from and appealable, granted defendants Christian Buzzanca's, Ronald Housley's, Equity Services, Inc.'s (ESI), National Life Insurance Company's (NLIC), and Integre, LLC's motions to dismiss all claims as against them except the breach of fiduciary duty claim, unanimously modified, on the law, to grant said defendants' motions as to the breach of fiduciary duty claim, and otherwise affirmed, without costs, and the appeal therefrom, to the extent it granted Underwriters' motion to dismiss the complaint as against them, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeals from orders, same court and Justice, entered on or about December 3, 2015, which, upon reargument, granted Housley's, Integre's, Buzzanca's, NLIC's, and ESI's motions to dismiss the breach of fiduciary duty claim as against them, unanimously dismissed, without costs, as academic.

The court properly deemed plaintiffs' application for disability insurance to be documentary evidence (*see Hefter v Elderserve Health, Inc.*, 134 AD3d 673, 674-675 [2d Dept 2015]). However, since plaintiff Stanley Jonas disputed the genuineness of his signatures on the disability insurance offer, we will not treat the offer as documentary evidence (*see id.*).

In a footnote in their reply brief, plaintiffs contend that the application cannot be considered because it was not attached

to the policy, contrary to Insurance Law § 3204. Assuming that this contention (mentioned in plaintiffs' opening brief only in a footnote in their Statement of Facts) can be considered, we reject it. Whether or not a disability insurance policy is a "policy of life, accident or health insurance, or contract of annuity" pursuant to section 3204 (a) (1), is an issue we need not decide. It would only be relevant here if defendants were seeking to use a misstatement in the application to their advantage (*see Cutler v Hartford Life Ins. Co.*, 22 NY2d 245, 250-251 [1968]). However, defendants did not rely on the application to demonstrate that plaintiffs made a misrepresentation. To the contrary, they argued that the application was consistent with the insurance ultimately procured for plaintiffs.

The motion court correctly dismissed plaintiffs' claim that Housley and Buzzanca (and therefore their employers, NLIC, Integre, and ESI) breached an implied contract by failing to procure the type of disability insurance plaintiffs requested. According to Jonas's affidavit, Housley and Buzzanca told him that the only place he could obtain disability coverage sufficient to cover his needs was through Underwriters and that he needed to enlist the assistance of an excess line broker. In other words, they told him that they were unable to obtain the requested coverage, thus satisfying their duty under *Murphy v Kuhn* (90 NY2d 266, 270 [1997]) "to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so." Indeed, the amended verified complaint alleges that, ultimately, Mr. Petersen served as Jonas's insurance broker.

The application submitted by plaintiffs to PIU, which Jonas does not deny signing, refutes plaintiffs' claim that the Petersen defendants failed to procure the type of disability insurance plaintiffs requested.

Plaintiffs contend that the court erred in dismissing so much of their contract claim as alleges that Underwriters and the Petersen defendants breached a contract (the disability policy) by failing to pay thereunder. As to the Petersen defendants, the court did not err. The policy was issued by Underwriters, not the Petersen defendants, and, while the amended verified complaint alleges that PIU was Underwriters' agent, there is no allegation, let alone clear and explicit evidence, that the Petersen defendants intended to "substitute or superadd [their] liability for, or to, that of [Underwriters]" (*Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964] [internal quotation marks omitted]).

As to Underwriters, that part of the breach of contract claim

should not have been dismissed. The motion court found that Jonas was not permanently totally disabled because he admitted that, after submitting his insurance claim, he applied for a position that would have paid him $300,000 a year. However, the fact that he applied for that position does not necessarily mean that he could perform the material and substantial duties (as those terms are defined in the policy) of the occupation described in his insurance application, namely, "Head of Broker Dealer/Introducing Broker." As in *Acquista v New York Life Ins. Co.* (285 AD2d 73 [1st Dept 2001]), issues of fact preclude dismissal of the contract claim as against Underwriters.

Plaintiffs failed to state a cause of action against Underwriters for anticipatory breach of contract, since the policy at issue is not a policy for monthly benefits but a policy for a lump sum benefit of $5 million (*see Wurm v Commercial Ins. Co. of Newark, N.J.*, 308 AD2d 324, 327-328 [1st Dept 2003], *lv denied* 3 NY3d 602 [2004]).

The claim for fraud in the inducement, which alleges that defendants never intended that plaintiffs would recover under the policy and that defendants made representations to Jonas about the policy they were to procure for him, knowing they had no intent to procure any such policy for him, fails to state a cause of action (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *see also Lucker v Bayside Cemetery*, 114 AD3d 162, 175 [1st Dept 2013], *lv denied* 24 NY3d 901 [2014]).

The fraud claim fails to state a cause of action since, apart from impermissibly lumping together all defendants (*see* CPLR 3016 [b]), it is supported only by the conclusory allegation that defendants engaged in a scheme to receive premium payments and give no benefit in return (*see New York Univ.*, 87 NY2d at 319). The allegation that defendants "had a pecuniary incentive to maximize premium income while minimizing benefits paid" is insufficient to plead scienter (*see e.g. Celtixconnect Equity Invs. LLC v Sea Fibre Network Ltd*, 52 Misc 3d 1210[A], 2016 NY Slip Op 51103[U], *8-9 n 7 [Sup Ct, NY County 2016] [citing cases]). In addition, the element of reasonable reliance is absent with respect to Housley and Buzzanca, whom Jonas's affidavit shows he did not rely on at what he called the "seminal meeting" that occurred on June 8, 2007: Jonas says he asked Housley and Buzzanca to confirm his coverage with Mr. Petersen, and that Mr. Petersen confirmed that plaintiffs were fully covered.

Plaintiffs did not allege exceptional circumstances supporting the imposition of a fiduciary duty on Housley, Buzzanca, and the Petersen defendants (*see Bruckmann, Rosser, Sherrill*

& Co., L.P. v Marsh USA, Inc., 65 AD3d 865, 867 [1st Dept 2009]; Hersch v DeWitt Stern Group, Inc., 43 AD3d 644, 645 [1st Dept 2007]). Since Housley and Buzzanca did not owe plaintiffs a fiduciary duty, neither did their employers (NLIC, ESI, and Integre).

The court correctly dismissed the claim for a declaratory judgment regarding the disability insurance policy issued by Underwriters since, with respect to defendants other than Underwriters, there is no justiciable controversy (see Bolt Assoc. v Diamonds-In-The-Roth, 119 AD2d 524 [1st Dept 1986]), and, as to Underwriters, plaintiffs have an adequate remedy under their contract claim (see Watson v Sony Music Entertainment, 282 AD2d 222 [1st Dept 2001]).

No cause of action for "illegal evasion of an insurance claim" exists (see Acquista, 285 AD2d at 78, 81-82).

Although, as narrowed in plaintiffs' reply brief, the claim under General Business Law § 349 is arguably consumer-oriented, it does not allege facts from which a deceptive act or practice by defendants could be inferred (Goldblatt v MetLife, Inc., 306 AD2d 217 [1st Dept 2003]; cf. Acquista, 285 AD2d at 78 [factual allegations set forth insurer's pattern of avoiding the claim]). Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.