Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered May 15, 2017, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 18, 2017, which granted defendant’s motion to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
 

 Plaintiff, a well known actor, alleges that defendant, an online brokerage company, made a “firm and binding offer” to hire him for a celebrity spokesperson advertising campaign and then backed out of the deal. The complaint was correctly dismissed on the ground that no valid and binding contract was ever formed.
 

 The term sheet relied upon by plaintiff states that it “sets forth the general intent of the parties to discuss in good faith the terms and conditions” of the deal and that “neither party shall be bound until the parties execute a more formal written agreement,” and therefore does not constitute an enforceable contract (see e.g. Northern Stamping, Inc. v Monomoy Capital Partners, L.P., 129 AD3d 448, 449 [1st Dept 2015]; Offit v Herman, 132 AD3d 409 [1st Dept 2015]; StarVest Partners II, L.P v Emportal, Inc., 101 AD3d 610, 612-613 [1st Dept 2012]).
 

 Plaintiff’s allegations that his agent requested that any offer be “firm and binding,” that defendant’s agent acknowledged this request, that internal communications between defendant and its agents reveal an intention to make a firm offer, that the cover email transmitting the term sheet labeled the offer “firm and binding,” and that defendant later offered a fee to “kill” the contract are not sufficient to negate or demonstrate a waiver of the provision that the parties would not be bound until they executed a formal written agreement (see e.g. Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 424-425, 427 [1st Dept 2010], lv denied 15 NY3d 704 [2010]; Naturopathic Labs. Intl., Inc. v SSL Ams., Inc., 18 AD3d 404, 405 [1st Dept 2005]). Morever, waiver of a contractual provision “should not be lightly presumed,” “must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act” (Ess & Vee Acoustical & Lathing Contrs. v Prato Verde, Inc., 268 AD2d 332, 332 [1st Dept 2000] [internal quotation marks omitted]). Plaintiff’s agent’s demand for a firm offer and defendant’s agent’s acknowledgment of this request, before consulting with her client, prove nothing about what was ultimately agreed. Nor do defendant and its agents’ internal communications preceding the offer, to which plaintiff was not privy, prove what was ultimately agreed.
 

 Defendant’s offer of a “kill” fee is not properly considered, since it is inadmissible as an offer of compromise under CPLR 4547. Plaintiff’s contention that CPLR 4547 does not apply because the existence of a contract was not in dispute when the offer was made is unsupported by the record.
 

 The cover email transmitting the term sheet, while it labeled the term sheet a “firm and binding offer,” also noted that the offer was contingent on “coming to terms on scripts, compensation, etc.” More importantly, it attached the term sheet itself. In light of the provision stating that the term sheet was not binding absent execution of a formal written agreement, plaintiff’s reliance on the cover email was not reasonable.
 

 To the extent plaintiff relies on PMJ Capital Corp. v PAF Capital, LLC (98 AD3d 429 [1st Dept 2012]), that reliance is misplaced. In PMJ, the agreement sought to be enforced did not contain any language requiring that it be fully executed; although such language was included in the plaintiff’s initial bid, it was not carried over to the formal loan sale agreement drafted by the parties (98 AD3d at 429, 431; see also Emigrant Bank v UBS Real Estate Sec., Inc., 49 AD3d 382, 383-384 [1st Dept 2008]). Moreover, the plaintiff in PMJ actually executed the completed agreement and wired the defendant a deposit in accordance with its terms, which the defendant retained (98 AD3d at 429-430).
 

 Because we find that no binding agreement existed, we need not reach plaintiff’s other arguments.
 

 Concur — Richter, J.P., Moskowitz, Gesmer and Singh, JJ.