Total Telcom Group Corp. v Kendal on Hudson (2018 NY Slip Op 00189)





Total Telcom Group Corp. v Kendal on Hudson


2018 NY Slip Op 00189


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-04991
 (Index No. 34817/12)

[*1]Total Telcom Group Corp., appellant, 
v
Kendal on Hudson, respondent.


The Coffinas Law Firm, PLLC, New City, NY (George G. Coffinas of counsel), for appellant.
Hancock Estabrook, LLP, Syracuse, NY (Janet D. Callahan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated April 18, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of contract. The complaint alleged that the plaintiff and the defendant entered into a contract in which the defendant agreed to purchase satellite television equipment from the plaintiff. The defendant, which operates a senior continuing care residence facility in Sleepy Hollow, moved for summary judgment dismissing the complaint, arguing that the contract was indefinite as to a material term and constituted an unenforceable agreement to agree. The Supreme Court granted the motion, and the plaintiff appeals.
"To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589; see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109). "[A] court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to" (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91). Accordingly, "[i]f an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (Cobble Hill Nursing Home, Inc. v Henry & Warren Corp., 74 NY2d 475, 482; see Carione v Hickey, 133 AD3d 811, 811). "While there are some instances where a party may agree to be bound to a contract even where a material term is left open . . . there must be sufficient evidence that both parties intended that arrangement" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d at 590 [citation omitted]). "[A] mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 109; see New York Military Academy v NewOpen Group, 142 AD3d 489, 490; Northern Stamping, Inc. v Monomoy Capital Partners, L.P., 129 AD3d 448, 449; Kolchins v Evolution Mkts. Inc., 128 AD3d 47, 61), unless "a methodology for determining the [*2]material terms can be found within the four corners of the agreement or the agreement refers to an objective extrinsic event, condition, or standard by which the material terms may be determined" (Carmon v Soleh Boneh Ltd., 206 AD2d 450, 450; see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d at 481-483).
Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence establishing that the contract lacked a material term regarding the price or fees to be paid to the plaintiff for Internet-related service, and therefore constituted an unenforceable agreement to agree (see DirectTV Latin Am., LLC v RCTV Intl. Corp., 115 AD3d 539, 540; Parkway Group v Modell's Sporting Goods, 254 AD2d 338). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court