Lembo v Rosania (2020 NY Slip Op 05816)





Lembo v Rosania


2020 NY Slip Op 05816


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Index No. 655076/16 Appeal No. 12084 Case No. 2019-03359 

[*1]Matthew Lembo, Plaintiff-Respondent,
v
Robert Rosania, Defendant-Appellant.


Kasowitz Benson Torres LLP, New York (Jennifer McDougall of counsel), for appellant.
Nesenoff & Miltenberg LLP, New York (Jeffrey S. Berkowitz of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 9, 2019, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The court properly denied dismissal of plaintiff's breach of contract claim. The purported agreement, contained in emails between the parties setting forth the compensation that plaintiff was to receive in exchange for his services, is not rendered unenforceable simply because certain nonmaterial terms were left for future negotiation (see Foster v Kovner, 44 AD3d 23, 27-28 [1st Dept 2007]). Defendant also failed to establish that the statute of frauds barred plaintiff's right to enforce the parties' agreement because, among other things, it was capable of being performed within one year (id. at 26).
The court also properly declined to dismiss the claims for unjust enrichment and for declaratory relief. Where "there is a bona fide dispute as to the existence of a contract . . . a plaintiff may proceed upon a theory of quasi contract as well as contract, and will not be required to elect his or her remedies" (Zuccarini v Ziff-Davis Media, 306 AD2d 404, 405 [2d Dept 2003]). Moreover, the declaratory relief claim is dependent on the outcome of the breach of contract cause of action.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020