| |
|---|
| **Austin Schuster Group, LLC v Extell Dev. Co.** |
| 2024 NY Slip Op 31405(U) |
| April 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158302/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

--------------------------------------------------------------------------------X

THE AUSTIN SCHUSTER GROUP, LLC,

Plaintiff,

- v -

EXTELL DEVELOPMENT COMPANY, CLINTON PB 27
LLC,XYZ CORP. 1-20

Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158302/2023 |
| **MOTION DATE** | 11/01/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for                               DISMISSAL                               .

Upon the foregoing documents, the Defendants' motion to dismiss is granted solely to the extent

that the Plaintiff's fourth cause of action for a declaratory judgment is dismissed because the

Plaintiff has an adequate remedy under its first cause of action for breach of contract.

The Defendants however are not entitled to dismissal of the Plaintiff's breach of contract claim.

While New York courts "will give effect to a party's clearly stated intention not to be

contractually bound until it has executed a formal written agreement," the record before the

Court does not establish a lack of intent to be bound absent an executed writing warranting

dismissal at this stage of the proceeding (*Jordan Panel Sys., Corp. v Turner Const. Co.*, 45 AD3d

165 [1st Dept 2007]; *PMJ Capital Corp. v PAF Capital, LLC*, 98 AD3d 429, 431 [1st Dept

2012]).

**158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No.  001**

**Page 1 of 7**

*PMJ Capital* is instructive. In that case, concerning a bid to purchase mortgage loans, the bid

included explicit language indicating it would not be binding until executed by both parties:

> Proposed Purchaser hereby agrees that neither this bid/proposal, nor any letters,
> communication, nor correspondence is intended to, nor shall it create, any binding
> obligation between Lender/Seller and Proposed Purchaser**. Lender/Seller and
> Proposed Purchaser shall have no contractual or other obligations with
> respect to the proposed purchase of the Loans unless and until a Loan Sale
> Agreement prepared by Lender's legal counsel has been executed and
> delivered by both parties**

*(PMJ Capital*, 98 AD3d 429, at 432 [emphasis added]).

Notwithstanding the fact that the agreement at issue in that case indicated that it was expressly

conditioned upon counter-signature to be effective, the First Department nonetheless held that

dismissal was inappropriate at the motion to dismiss stage, holding:

> [a]ffording the complaint a liberal construction and according plaintiff the benefit
> of every possible inference, as we must on a motion to dismiss (see *Leon v.
> Martinez*, 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994]),
> plaintiff sufficiently pleaded causes of action for specific performance and
> damages. It cannot be said that plaintiff's factual allegations have been "flatly
> contradicted" by the documentary evidence (*Franklin v. Winard*, 199 A.D.2d 220,
> 220, 606 N.Y.S.2d 162 [1993]). "In determining whether the parties entered into a
> contractual agreement and what were its terms, it is necessary to look ... to the
> objective manifestations of the intent of the parties as gathered by their expressed
> words and deeds" (*Brown Bros. Elec. Contrs. v. Beam Constr. Corp.*, 41 N.Y.2d
> 397, 399, 393 N.Y.S.2d 350, 361 N.E.2d 999 [1977]). "In doing so,
> disproportionate emphasis is not to be put on any single act, phrase or other
> expression, but, instead, on the totality of all of these, given the attendant
> circumstances, the situation of the parties, and the objectives they were striving to
> attain" (*id*. at 399–400, 393 N.Y.S.2d 350, 361 N.E.2d 999). Here, the totality of
> the circumstances raises a question of fact as to the intent of the parties,
> preventing dismissal at this early stage

*(id*., at 430-31 [1st Dept 2012]).

**158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL**
**Motion No.  001**

**Page 2 of 7**

2 of 7

The Agreements at issue in this case present a less compelling case for dismissal at this stage than the Agreement in PMJ because the Agreements were not sent in a manner indicating that they were effective only upon counter-signature. They merely indicate "Accepted and Agreed" providing a place for counter-signature. And, the complaint alleges that when the Plaintiff sent the July 6, 2015 email forwarding the contract and requesting counter-signature and otherwise indicating that he would set up a meeting when he received the signed agreement back, the Defendants responded "Yes" and that the Plaintiff should set up the meeting potentially indicating their acceptance of the Agreements:

> **From:** Schuster, Austin
> **Sent:** Monday, July 06, 2015 11:39 AM
> **To:** Barnett, Abba
> **Subject:** West 40's 500,000 plus development
>
> Abba
> The seller is looking forward to meeting with you. He has specifically asked me to make a meeting with Extell. Please sign and I will send you property details. You have not seen this property.
>
> …
>
> **From:** Barnett, Abba
> **Sent:** Thursday, August 13, 2015 1:07 PM
> **To:** Schuster, Austin
> **Subject:** RE: West 40's 500,000 plus development
>
> Yes. I have been swamped on closing a number of deals recently. I am now available. Let's set up a meeting.

(NYSCEF Doc. No. 1, ¶ 17).

This is a sufficient writing at this stage of the litigation to allege an intent to be bound by the Agreements as the "defendant's words and deeds raise an issue of fact as to its intent, preventing dismissal of the complaint at this stage" (*PMJ*, 98 AD3d 429, at 431).

158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No. 001

Page 3 of 7

The argument that the Statute of Frauds bars the Plaintiff's claims fails. Simply put, the Agreements by their terms could be performed within one year, as the confidentiality provision applies only to the Plaintiff's sharing of the Defendants' information with other "prospective buyers" of the Properties:

> 3. Buyer acknowledges and agrees that: (a) Austin Schuster may represent or may be working with other prospective buyers while Compass and Austin Schuster represents Buyer, (b) Austin Schuster may inform other prospective buyers of the availability of the Property, (c) Austin Schuster may show the Property to other prospective buyers and (d) Austin Schuster may represent any such prospective buyers in the prospective purchase of the Property; provided, however, that in representing or working with any other prospective buyers, Austin Schuster shall not disclose to such other prospective buyers confidential information in connection with Buyer's prospective purchase of the Property and Austin Schuster shall not disclose to Buyer any confidential information in connection with such other prospective buyers' prospective purchases of the Property

(NYSCEF Doc. No. 6, ¶ 3).

If the Defendant purchased the Properties within one year, there would be no other prospective buyers, the Plaintiff's performance would be complete, and this obligation would terminate. It does not thus matter that the term *could have* run for the entire 10 years. This is not the standard. Thus, the cases cited by the Defendants, involving confidentiality provisions of unlimited duration or provisions by their terms lasting more than one year, are inapposite (*see Robins v Zwirner*, 713 F Supp 2d 367, 375 [SDNY 2010]; *Bartell v Onbank, Onbank & Tr. Co.*, 95-CV-1807 (FJS), 1996 WL 421189, at *4 [NDNY July 19, 1996]). The Defendants' contention that the Agreements fall within the statute of fraud because their consummation depends on the will of third parties (*i.e.*, the owner of the Properties and the New York City Department of City

158302/2023 THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No. 001

Page 4 of 7

4 of 7

Planning) is simply a misreading of the law. This doctrine applies when, *e.g.*, there is "a promise to pay commissions that extends indefinitely, dependent solely on the acts of a third party and beyond the control of the defendant" (*Apostolos v R.D.T. Brokerage Corp.*, 159 AD2d 62, 64-65 [1st Dept 1990]). Here, the Defendant's potential contractual liability to the Plaintiff was completely within its control—if the Defendants had simply elected not to buy the properties, they would have no liability.

The Plaintiff's quantum meruit and unjust enrichment claims are also not ripe for dismissal at this state of the litigation. There is a bona fide dispute over the existence of a binding contract, and thus the Plaintiff may proceed on quasi-contract theories and is not required to elect its remedies at this stage of the litigation (*Lembo v Rosania*, 187 AD3d 544 [1st Dept 2020], citing *Zuccarini v Ziff-Davis Media, Inc.*, 306 AD2d 404, 405 [2d Dept 2003]). As to the quantum meruit cause of action, the Plaintiff's complaint alleges that the Plaintiff provided valuable services to the Defendants in introducing the Defendants to the Properties with the expectation of being compensated for those services. This is sufficient (*Elhanani v Kuzinez*, 172 AD3d 590, 592 [1st Dept 2019]). As to unjust enrichment, the complaint sufficiently alleges that it is against equity and good conscience to allow the Defendants to retain the value of the Plaintiff's services without compensating the Plaintiff therefor (*id.*; *Farina v Bastianich*, 116 AD3d 546, 548 [1st Dept 2014] ["[a] person may be unjustly enriched not only where she receives money or property, but also where she otherwise receives a benefit"). This too is sufficient at this stage of the litigation.[1]

---

[1] For the avoidance of doubt, *Patrick Capital Markets, LLC v Rabina Properties, LLC*, 225 AD3d 525 [1st Dept 2024]) does not change the result reached here. That case concerns a finder's fee agreement where the Court dismissed the plaintiff's claims pursuant to GOL § 5-701(a)(10). Unlike the case at *nisi prius*, that case did not involve a licensed real estate broker such that GOL § 5-701(a)(10) does not apply. In addition, to the extent that the

**158302/2023 THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL** **Page 5 of 7**
**Motion No. 001**

The Plaintiff's claim for a declaratory judgment, however, must be dismissed, because the Plaintiff has an adequate remedy under its breach of contract claim and this claim is otherwise duplicative (*Watson v Sony Music Entertainment, Inc.*, 282 AD2d 222, 223 [1st Dept 2001]). The Plaintiff's breach of contract claim seeks past commissions allegedly due under the Agreements, while its declaratory judgment claim seeks a prospective declaration that any future sale to the Defendants of any portion of the Properties not yet acquired will result in commissions due to the Plaintiff. However, as in *Watson*, should the Plaintiff prevail on its breach of contract claim, the Defendant will be bound by to pay future commissions on the same basis the Court will have directed it to pay past commissions (282 AD2d 222, at 223).

The Court has considered the parties' remaining arguments and found them unavailing.

Accordingly, it is hereby

ORDERED that the Defendants' motion to dismiss is granted solely to the extent that the Plaintiff's fourth cause of action for a declaratory judgment is dismissed; and it is further

---

*Patrick Capital* court held that the plaintiff can not avoid the statute of frauds merely by repackaging his claims under the quasi-contractual theories, the case is inapposite. As discussed above, GOL § 5-701(a)(10) does not apply to the Plaintiff and GOL § 5-701(a)(1) does not otherwise bar the claim at this stage of the proceeding. In addition, the quasi contract claims are not duplicative because there is a bona fide dispute as to the existence of a binding contract. *Del Vecchio v Gangi*, 225 AD3d 666 [2d Dept 2024] too is inapposite. As relevant here, that case concerns the availability of promissory estoppel as an alternative remedy in a situation where the statute of frauds applies. As discussed above, the statute of frauds does not bar the claim at this stage and the Plaintiff does not level a claim for promissory estoppel as an alternative remedy based on the statute of frauds. Here, the alternative causes of action are asserted based on the defendant's denial that a contract exists, not as a way of avoiding the statue of frauds.

ORDERED that the Defendants serve an answer within 30 days of this Decision and Order; and it is further

ORDERED that the parties shall appear for a preliminary conference on May 29, 2024, at 12:00pm.

20240422154520AB0RR0K681A7DDB1EC8F555948EFF180C64F234

| 4/22/2024 | | ANDREW BORROK, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No.  001

Page 7 of 7

7 of 7